DECISION AND JOURNAL ENTRY.
{¶ 1} Appellant, Christopher Van Dyke, appeals from the decision of the Lorain County Court of Common Pleas, which convicted him of resisting arrest, obstructing official business, and attempted intimidation; and denied his motion to withdraw his guilty plea. We affirm.
 I. {¶ 2} On October 10, 2001, Mr. Van Dyke was indicted for the following: (1) one count of resisting a lawful arrest, in violation of R.C. 2921.33(A), a second degree misdemeanor; (2) one count of obstructing official business, in violation of R.C. 2921.31(A), a second degree misdemeanor; and (3) one count of intimidation, in violation of R.C. 2921.03(A), a third degree felony.
 {¶ 3} On August 20, 2002, Mr. Van Dyke withdrew his formerly-entered not guilty plea, and instead pled guilty to the charges in the amended indictment[1]. The trial court accepted Mr. Van Dyke's plea. Thereafter, Mr. Van Dyke retained new counsel. On November 18, 2002, almost three months after Mr. Van Dyke entered his guilty plea, he filed a motion to withdraw his guilty plea.
 {¶ 4} At the sentencing hearing on November 20, 2002, but before the trial court actually sentenced Mr. Van Dyke, the trial court heard Mr. Van Dyke's motion to withdraw his guilty plea. After providing Mr. Van Dyke with an opportunity to present his arguments in support of the motion to withdraw his guilty plea, the trial court denied the motion. The trial court found that Mr. Van Dyke was convicted on all three counts as stated in the amended indictment, and sentenced him accordingly. It is from the decision denying the motion to withdraw his guilty plea that Mr. Van Dyke now appeals.
 {¶ 5} Mr. Van Dyke timely appealed and asserts one assignment of error.
 II. Assignment of Error
"The trial court erred to the prejudice of the appellant and abused its discretion in denying his pre-sentence motion to withdraw guilty pleas."
 {¶ 6} Mr. Van Dyke avers that the trial court erred when it denied his pre-sentencing motion to withdraw his guilty plea. We disagree.
 {¶ 7} An appellate court is not permitted to perform a de novo review of the trial court's decision with respect to a withdrawal of a guilty plea. State v. Xie, 62 Ohio St.3d 521, 527. Rather, the appellate standard of review for a motion to withdraw a guilty plea is limited to a determination of an abuse of discretion. State v. Honorable (Sept. 23, 1987), 9th Dist. No. 13076, citing State v. Peterseim (1980),68 Ohio App.2d 211, paragraph two of the syllabus. To constitute an abuse of discretion, a trial court's action must be arbitrary, unreasonable, or unconscionable. State ex rel. V Cos. v. Marshall (1998), 81 Ohio St.3d 467,469. An abuse of discretion is more than an error of judgment; rather, it demonstrates a "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. Unless it is established that the trial court acted unjustly or unfairly, an appellate court cannot find that an abuse of discretion occurred. Xie, 62 Ohio St.3d at 526, quoting Barker v. United States
(C.A. 10, 1978), 579 F.2d 1219, 1223.
 {¶ 8} Mr. Van Dyke sets forth two arguments to support his claim that the trial court abused its discretion when it denied his motion to withdraw his guilty plea. First, Mr. Van Dyke contends that he entered his guilty plea based upon a mistaken understanding that he would still be able to join the United States Coast Guard even if he pled guilty to the charges. Second, Mr. Van Dyke claims that he discovered new exculpatory evidence after he entered his guilty plea, particularly, a videotape of the arrest. Mr. Van Dyke contends that because the trial court refused to consider these arguments, he was denied a meaningful hearing, and that therefore, the trial court abused its discretion.
 {¶ 9} Crim.R. 32.1 provides that a motion to withdraw a guilty plea can only be made before sentencing, but that the court may, after sentencing, set aside the judgment of conviction and allow the defendant to withdraw his or her plea, to correct a manifest injustice. Because Crim.R. 32.1 only sets forth a standard for evaluating post-sentence withdrawals of a guilty plea and does not explicitly provide guidelines for ruling on a pre-sentencing motion for withdrawal of a guilty plea, the Supreme Court of Ohio has articulated a standard to govern such pre-sentencing motions. See, Xie, 62 Ohio St.3d at 526. The standard provides that while pre-sentencing motions to withdraw guilty pleas are generally "to be freely allowed and treated with liberality" by the trial court, the decision to grant or deny such a motion is nevertheless within the sound discretion of the trial court. Id. at 526, quoting Barker,579 F.2d at 1223. It is important to observe that "one who enters a guilty plea has no right to withdraw it." Id.
 {¶ 10} Additionally, a defendant must communicate to the trial court a reasonable and legitimate basis for allowing such a withdrawal of a plea. State v. Dewille (Nov. 4, 1992), 9th Dist. No. 2101, citing Xie,62 Ohio St.3d at 527. "A defendant's burden to supply a reasonable and legitimate basis for withdrawing a plea recognizes the state's interest in preserving guilty pleas." Dewille. Furthermore, the determination of whether a "reasonable and legitimate basis" for the withdrawal of a plea exists also lies within the trial court's sound discretion. State v.Rosemark (1996), 116 Ohio App.3d 306, 308.
 {¶ 11} This Court has held that a trial court does not abuse its discretion when considering a motion to withdraw a guilty plea if the following elements are present: (1) the defendant is represented by competent counsel; (2) the trial court provides the defendant with a full hearing before entering the guilty plea; and (3) the trial court provides the defendant with a full hearing on the motion to withdraw guilty plea, where the court considers the defendant's arguments in support of his motion to withdraw a guilty plea. Rosemark, 116 Ohio App.3d at 308. However, we have previously noted that an evidentiary hearing with respect to such a motion is not always required. Lorain v. Price (Oct. 2, 1996), 9th Dist. No. 96CA006314, (the necessity of an evidentiary hearing depends on the facts and circumstances of the particular case). See, also, State v. Cosavage (June 28, 1995), 9th Dist. Nos. 17074 and 17075.
 III. {¶ 12} First, we discuss whether Mr. Van Dyke had competent counsel during and before the time that he entered his guilty plea.[2]
The transcript of the sentencing hearing indicates that the trial court determined that Mr. Van Dyke had competent counsel before and during the time that Mr. Van Dyke entered his guilty plea. Additionally, before Mr. Van Dyke entered his plea, he stated to the court that he was satisfied with his counsel's representation. Furthermore, the record reflects that Mr. Van Dyke was indeed represented by competent counsel. Therefore, we will not disturb the conclusion of the trial court, and accordingly find that Mr. Van Dyke was represented by competent counsel. Rosemark,116 Ohio App.3d at 308.
 {¶ 13} Next, we address whether Mr. Van Dyke was afforded a full hearing before entering his guilty pleas. The transcript of the proceedings during which Mr. Van Dyke pled guilty to the charges in the amended indictment demonstrates that the trial court performed a comprehensive examination of the defendant in accordance with Crim.R. 11(C)(2)[3]. The trial court informed Mr. Van Dyke of his constitutional rights and determined that Mr. Van Dyke knowingly, intelligently, and voluntarily waived these rights. Also, the trial court notified Mr. Van Dyke of the nature of the charges against him, the effect of his guilty plea, and the potential maximum penalty involved. Finally, the trial court told Mr. Van Dyke that he is eligible for probation or for the imposition of community control sanctions. Pursuant to this examination, the trial court determined that Mr. Van Dyke had entered his plea voluntarily. Furthermore, nothing in the record indicates that Mr. Van Dyke was coerced to enter into the guilty pleas, or that any threats or promises were made in connection with the plea. Based on the aforementioned, we conclude that Mr. Van Dyke was afforded a full hearing before entering his guilty plea. Rosemark,116 Ohio App.3d at 308.
 {¶ 14} Finally, we discuss whether Mr. Van Dyke had a full hearing on the motion to withdraw his guilty plea. As we have already mentioned supra, the trial court provided Mr. Van Dyke with the opportunity to state his arguments in support of his motion during the sentencing hearing but before the trial court actually sentenced him.
 {¶ 15} As part of our determination of whether Mr. Van Dyke was given a full hearing on the motion to withdraw his guilty plea, we must also address whether his arguments in support of his motion were considered by the trial court. See Rosemark, 116 Ohio App.3d at 308. At the sentencing hearing, Mr. Van Dyke presented, and the trial court heard, two arguments in support of his motion to withdraw his guilty plea. First, Mr. Van Dyke argued that he entered his guilty plea based upon a mistaken understanding that he would still be able to join the United States Coast Guard even if he pled guilty to the charges. As his second argument in support of his motion to withdraw his guilty plea, Mr. Van Dyke asserted that, based on his present counsel's investigation of the case, Mr. Van Dyke is not guilty of the charges. In his brief in support of the motion, Mr. Van Dyke refers to a videotape of the arrest to substantiate his assertion that he is not guilty of the charges, claiming that this videotape is newly-discovered exculpatory evidence.
 {¶ 16} "What constitutes an abuse of discretion in over-ruling a motion to withdraw a guilty plea will vary with the facts and circumstances of each case." State v. Boyd (Oct. 22, 1998), 10th Dist. No. 97APA12-1640, citing State v. Walton (1981), 2 Ohio App.3d 117, 119. Therefore, when determining whether the trial court abused its discretion in denying Mr. Van Dyke's motion to withdraw his guilty plea, it is important for us to take into consideration the facts and circumstances surrounding Mr. Van Dyke's motion. Id.
 {¶ 17} Regarding Mr. Van Dyke's mistaken belief about his ability to join the United States Coast Guard after pleading guilty, the trial court provided Mr. Van Dyke with a full hearing before entering his plea. The trial court determined that Mr. Van Dyke entered his plea voluntarily, waived his constitutional rights knowingly, intelligently, and voluntarily, as well as understood the effect and nature of the charges against him. Mr. Van Dyke's assertion of a mistaken belief as to his ability to join the United States Coast Guard is irrelevant to the determination of whether he entered his plea appropriately.
 {¶ 18} With respect to Mr. Van Dyke's second argument regarding the newly-discovered evidence, there are several factors that appellate courts have articulated for a trial court to take into account when considering whether to grant or deny a pre-sentencing motion to withdraw a guilty plea. See, e.g., Boyd, citing State v. Fish (1995),104 Ohio App.3d 236, 240. These factors include determining whether the motion to withdraw a guilty plea articulated specific reasons for withdrawal, and whether the defendant may have a complete defense to the charges. Id. In addition to these factors, the appellate courts have utilized other factors suggested by the court in United States v.Spencer (C.A. 6, 1987), 836 F.2d 236, 238-239, which include a consideration of the length of time between the entry of the guilty plea and the time that the motion to withdraw guilty plea was filed. Boyd.
 {¶ 19} We determine that Mr. Van Dyke's argument with respect to the new evidence of the videotape is also not well-taken, for several reasons. First, Mr. Van Dyke has not factually-substantiated his claim that the videotape would exculpate him. Particularly, the record does not indicate that Mr. Van Dyke has set forth any specific reasons for how this videotape provides him with a meritorious defense. Boyd, citingFish, 104 Ohio App.3d at 240. Second, Mr. Van Dyke filed his motion to withdraw his guilty plea almost three months after he pled guilty. Boyd, citing Spencer, 836 F.2d at 239. Third, the record does not indicate that Mr. Van Dyke has made any effort to show that he could not with reasonable diligence have discovered and produced this evidence before he entered his plea.
 {¶ 20} Upon review of the record, we determine that Mr. Van Dyke failed to meet his burden to articulate a reasonable and legitimate basis for a withdrawal of his guilty pleas. Dewille. In light of the aforementioned circumstances, as well as the fact that the trial court provided Mr. Van Dyke with an opportunity to address his arguments, we find that the trial court provided Mr. Van Dyke with a full hearing on the motion to withdraw his guilty plea, at which Mr. Van Dyke's arguments in support were considered. Rosemark, 116 Ohio App.3d at 308.
 {¶ 21} We conclude that Mr. Van Dyke was represented by competent counsel, that Mr. Van Dyke was afforded a full hearing before entering his guilty plea, and that Mr. Van Dyke was afforded a full hearing on his motion to withdraw his guilty plea. Consequently, we cannot find that the trial court's decision to deny Mr. Van Dyke's motion to withdraw his guilty plea was arbitrary, unreasonable, or unconscionable. State exrel. V Cos., 81 Ohio St.3d at 469. Therefore, we find that the trial court's denial of Mr. Van Dyke's motion to withdraw his guilty plea did not constitute an abuse of discretion. Rosemark, 116 Ohio App.3d at 308.
 IV. {¶ 22} Mr. Van Dyke's assignment of error is overruled, and the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
SLABY, P. J., concurs.
CARR, J., dissents.
[1] The resisting lawful arrest and obstructing official business counts noted above remain unchanged in the amended indictment. The third count was changed to indict Mr. Van Dyke for one count of attempted
intimidation, in violation of R.C. 2923.02 and 2921.03(A), a fourth degree felony.
[2] Mr. Van Dyke changed counsel before he filed his motion to withdraw his guilty plea. Therefore, our discussion refers to the counsel that represented Mr. Van Dyke during and before the time that Mr. Van Dyke pled guilty.
[3] Crim.R. 11(C)(2) mandates that the trial court refuse to accept a guilty plea without first addressing the defendant personally, and also determining (a) whether the defendant's plea was voluntary; (b) whether the defendant understood the effects of the guilty plea at the time that he entered it; and (c) whether the defendant, at the time that he entered his guilty plea, understood that by entering the plea he was waiving his constitutional rights.