The STATE of Ohio, Appellee,

v.

ROSEMARK, Appellant.

[Cite as *State v. Rosemark* (1996), 116 Ohio App.3d 306.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 95CA006283.

Decided Dec. 11, 1996.

*Donald Robinson,* Lorain County Assistant Prosecuting Attorney, for appellee.

*Gold, Rotatori & Schwartz Co., L.P.A., Gerald S. Gold* and *John S. Pyle,* for appellant.

---

REECE, Presiding Judge.

Appellant Dorian Rosemark appeals from the judgment order of the court of common pleas denying his motion to vacate his guilty plea.

## I

Appellant Dorian Rosemark was indicted on a charge of aggravated trafficking in drugs. Rosemark pleaded guilty to the charge on the date of trial, January 25, 1995. Sentencing was scheduled for March 10, 1995. After twice requesting to have the sentencing date continued, Rosemark moved to vacate his guilty plea on March 31, 1995.

Rosemark's motion was heard by the trial court on April 14, 1995. The trial court denied the motion on October 18, 1995. On October 27, 1995, the court sentenced Rosemark to a term of incarceration for five to twenty-five years. This appeal followed.

## II

In his sole assignment of error, Rosemark asserts that the trial court erred in denying his motion to vacate his guilty plea. We reject this argument.

"[A] presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing." *State v. Xie* (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715, 719. See, also, *State v. Barnett* (1991), 73 Ohio App.3d 244, 250, 596 N.E.2d 1101, 1104–1105. Determining whether there is a reasonable and legitimate basis for the withdrawal of the plea is a matter within the trial court's sound discretion. *Xie, supra,* at 526, 584 N.E.2d at 718–719, citing *State v. Peterseim* (1980), 68 Ohio App.2d 211, 22 O.O.3d 341, 428 N.E.2d 863. Absent an abuse of discretion, the trial court's decision must be affirmed. *Xie,* 62 Ohio St.3d at 527, 584 N.E.2d at 719–720. In order to find an abuse of discretion, we must find that the trial court acted unjustly or unfairly; that its ruling was unreasonable, arbitrary or unconscionable. *Id.* at 526–527, 584 N.E.2d at 718–720.

Where a defendant (1) is represented by competent counsel, (2) is given a full hearing before entering the plea, and (3) is given a hearing on the motion to withdraw during which the court considers the defendant's arguments in support of the motion, the trial court does not abuse its discretion in denying the plea withdrawal. *Peterseim, supra,* 68 Ohio App.2d at 214, 428 N.E.2d at 865–866. See, also, *State v. Lockett* (Mar. 6, 1996), Summit App. No. 17523, unreported, 1996 WL 99772. These elements were met in Rosemark's case.

Rosemark was represented by competent counsel throughout the proceedings. The following occurred at the hearing when Rosemark pleaded guilty:

"The Court: Mr. Rosemark, I'll ask at this time, how do you plead to the charge of Aggravated Trafficking in Drugs, a felony of the first degree?

"The Defendant: Guilty.

"The Court: All right. Do you understand that that charge carries with it a term of incarceration, an indefinite term of incarceration, of not less than four, five, six, or seven years, to a maximum of 25 years in prison?

"The Defendant: Yes, your Honor.

"The Court: Do you also understand that that charge carries five years of actual incarceration, which means that it is not probationable and that the Court must order that you serve a minimum of five years' actual incarceration? Do you understand that?

"The Defendant: Yes, your Honor.

"The Court: There is also a possible fine up to $10,000; however, there is a mandatory fine of $7,500. So in other words, the Court must impose a fine of at least $7,500; do you understand that?

"The Defendant: Yes. Yes, sir.

"The Court: * * * You have a constitutional right to a jury trial, and when you plead guilty, you waive, that is, you give up your right to a jury trial; do you understand that?

"The Defendant: Yes, sir.

"The Court: If a trial were held, the State of Ohio could bring witnesses in who may testify against you at that trial. Then you would have the opportunity to face, question and cross examine those witnesses. However, when you plead guilty, you give up the opportunity to face and cross examine your accusers; do you understand?

"The Defendant: Yes, sir.

"The Court: Similarly at a trial, you could compel witnesses to come to court by subpoenaing them, and those witnesses may testify favorably to you. But by pleading guilty, you waive the opportunity to have witnesses appear and testify on your behalf; do you understand?

"The Defendant: Yes, sir.

"The Court: Now, if a trial were held, before the State of Ohio could be successful and obtain a conviction, the State would have to prove your guilt beyond a reasonable doubt. That is no longer necessary when you plead guilty because you admit to the charge; do you understand?

"The Defendant: Yes, sir.

"The Court: And lastly, if that trial were held, you could not be forced to testify against yourself; are you aware you have that right?

"The Defendant: Yes.

" * * * *

"The Court: Has anyone forced you in any way to plead guilty in this case?

"The Defendant: No, sir.

"The Court: Has anyone threatened you causing you to plead guilty?

"The Defendant: No, sir.

" * * * *

"The Court: * * * At this time I'm going to ask that the Prosecutor offer a brief statement of facts.

"Mr. Robinson: Yes, your Honor. On September 15th, 1993, at approximately 6:30 p.m., the Defendant contacted Detective Leiby from the Elyria Police Department. Defendant made a phone call from the area of East Avenue—East—I'm sorry, 8th Avenue and Middle Avenue in Elyria, Ohio, at which time the Defendant offered to sell Detective Leiby a sheet of LSD. A sheet of LSD is the equivalent of 100 hits, or had 100 hits of LSD on it, which is greater than three times the bulk, in exchange for $300. LSD is a Schedule I drug.

"The Court: Fine. Mr. Rosemark, you've heard the statement of the Prosecutor; is it substantially correct?

"The Defendant: Yes, your Honor.

" * * * *

"The Court: * * *. Having reviewed with you in open court all of your rights, I'm going to ask you now for the final time, how do you plead to the one charge of Aggravated Trafficking in Drugs, a felony of the first degree?

"The Defendant: Guilty.

"The Court: I'm going to accept your plea of guilty. I believe you entered it knowingly, voluntarily, and intelligently."

Rosemark also confirmed before the court that he signed a plea sheet, entering a plea of guilty. He stated that he understood the implications of signing the plea sheet.

The court considered evidence regarding Rosemark's motion to withdraw his guilty plea at a hearing on April 14, 1995. After reviewing the evidence presented at this hearing, the court decided that Rosemark had entered his plea knowingly, voluntarily, and intelligently and refused to vacate his guilty plea.

Our review of the record does not support a conclusion that the court abused its discretion in making that determination.

Rosemark further contends the court erred in refusing to vacate his plea because the plea was induced by threats of physical harm made to him by a detective on the Elyria Police Force. Our review of the alleged threatening statements reveals that the detective made the statements with regard to Rosemark's cooperation with the police. The statements referred to the possible implications of prison life for Rosemark and certainly could not be construed as an inducement to plead guilty and face a sure prison term. Thus, Rosemark's contention that his plea was induced by threats lacks merit.

From the evidence presented, we cannot hold that the trial court acted in an unreasonable or arbitrary manner in denying Rosemark's motion to withdraw his guilty plea. The record does not reflect incompetent representation by Rosemark's counsel. The record does reflect a thorough inquiry by the court prior to its acceptance of Rosemark's plea and consideration of his arguments to vacate the plea.

Accordingly, Rosemark's sole assignment of error is overruled.

## III

The assignment of error is overruled, and the judgment of the trial court denying Rosemark's motion to vacate his guilty plea is affirmed.

*Judgment affirmed.*

DICKINSON and SLABY, JJ., concur.