DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
The Municipal Court of Akron found appellant, James D. Walters, Jr. ("Walters"), guilty of two counts of sexual imposition, in violation of R.C. 2907.06 and driving under suspension, in violation of R.C. 4507.02. The trial court sentenced Walters to consecutive sentences of 60 days for each count of sexual imposition and 182 days for driving under suspension. Walters appeals his conviction. We affirm.
 I.
Walters was arrested on May 3, 2000, and charged with several violations of the Akron traffic code. He failed to appear in court and his license was forfeited on May 9, 2000. At the end of the month, Walters was arrested for sexual imposition, criminal trespass and drug abuse.
On June 16, 2000, Walters pleaded guilty to a charge of driving under suspension and to two charges of sexual imposition. In exchange for Walters' pleas the State dropped several other charges. Later in the afternoon on June 16, Walters filed a motion to withdraw his guilty plea. On August 2, 2000, the trial court held a hearing and denied Walters' motion to withdraw his guilty plea. The trial court sentenced Walters to consecutive sentences of 60 days for each count of sexual imposition and 182 days for driving under suspension.
Walters timely appealed to this court.
 II.
Assignment of Error:
 THE TRIAL COURT ERRED BY NOT ALLOWING APPELLANT WALTERS TO WITHDRAW HIS GUILTY PLEA PRIOR TO SENTENCING.
 In his sole assignment of error, Walters argues that the trial court should have granted his pre-sentence motion to withdraw his guilty plea. He asserts that at the time he entered his guilty plea he was not aware that he was pleading guilty to two counts of sexual imposition.
Crim.R. 32.1 states:
 [a] motion to withdraw a plea of guilty *** may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
"[A] presentence motion to withdraw a guilty plea should be freely and liberally granted." State v. Xie (1992), 62 Ohio St.3d 521, 527. However, there is no absolute right to withdraw a guilty plea before sentencing. Id. at 527-528. We review the trial court's ruling on a motion to withdraw a guilty plea under an abuse of discretion standard.Id. at 528. An abuse of discretion is more than an error of law or judgment; it implies a decision that is unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio st.2d 151, 157.
We have held that a trial court does not abuse its discretion when: 1) competent counsel represents the defendant, 2) the trial court gives the defendant a full hearing before entering the guilty plea, and 3) the trial court gives the defendant a full hearing on his motion to withdraw where the court considers the defendant's arguments in support of his motion to withdraw. State v. Rosemark (1996), 116 Ohio App.3d 306, 308.
The record reflects that Walters had competent counsel who represented him throughout the trial court proceedings. The trial court held a hearing at which Walters entered a guilty plea to driving under suspension and two counts of sexual imposition.[1] Later that afternoon, Walters moved the trial court to withdraw his plea. On August 2, 2000, the trial court held a hearing on Walters' motion before sentencing.
At the August 2 hearing, Walters argues that he was not aware that he was pleading guilty to two counts of sexual imposition. Walters stated that he was nervous and confused when he entered his plea. The trial court denied his motion and found that Walters absolutely knew what he was doing when he entered his guilty plea and that he was familiar enough with the system to know that if he did not want to plead guilty that he needed to communicate that to his counsel.
We find Walters was represented by counsel, received a hearing to enter his plea, and received a hearing to withdraw his plea at which the trial court acted within its sound discretion in denying his motion to withdraw the plea. We cannot say that the trial court's decision was unreasonable, arbitrary or unconscionable. Therefore, we overrule Walters' assignment of error and affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the County of Summit, Municipal Court of Akron, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
___________________________ WILLIAM R. BAIRD
SLABY, J., CARR, J., CONCUR.
[1] Pursuant to App.R. 9(B), the appellant bears the burden of ensuring that the record necessary to determine the appeal is filed with the appellate court. See State v. Williams (1995), 73 Ohio St.3d 153, 160; App.R. 9(B). The record filed with this court consists of the original papers, certified copy of the docket and journal entries from the trial court, and a transcript of the sentencing hearing. Walters did not cause the transcript of his plea hearing be filed with the court of appeals. As a result, it is not part of the record on appeal.