This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Woodford Terry, appeals the decision of the Lorain County Court of Common Pleas, denying his motion to withdraw his guilty plea. We affirm.
The Lorain County Grand Jury indicted Mr. Terry on one count of breaking and entering, in violation of R.C. 2911.13(B), one count of theft, in violation of R.C. 2913.02(A)(1), and one count of burglary, in violation of R.C. 2911.12(A)(2). Mr. Terry initially entered a plea of not guilty to the charges. On May 18, 2001, pursuant to a plea agreement, Mr. Terry withdrew his former plea of not guilty and pled guilty to theft, in violation of R.C. 2913.02(A)(1), and vandalism, in violation of R.C. 2909.05(B)(1). In exchange for Mr. Terry's pleas, the state amended the breaking and entering charge to vandalism and dropped the burglary charge.
On June 1, 2001, Mr. Terry filed a motion to withdraw his guilty plea, pursuant to Crim.R. 32.1, on the grounds that he felt rushed into entering a guilty plea and that the plea was not knowingly and intelligently made. On July 27, 2001, the trial court held a hearing and denied the Crim.R. 32.1 motion. Mr. Terry was sentenced accordingly. This appeal followed.
Mr. Terry asserts a single assignment of error for review:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN REFUSING TO GRANT APPELLANT'S MOTION TO WITHDRAW HIS PLEA OF GUILTY PRIOR TO SENTENCING AS PERMITTED BY RULE 32.1 OF THE OHIO RULES OF CRIMINAL PROCEDURE.
Mr. Terry avers that the trial court abused its discretion in denying his presentence Crim.R. 32.1 motion to withdraw his guilty plea. He contends that the motion should have been granted because he felt pressured and rushed into pleading guilty and because he did not have adequate time to consider the decision. Additionally, he argues that the motion should have been granted because the state failed to articulate any prejudice that would be caused by permitting the withdrawal of the guilty plea. We disagree.
Crim.R. 32.1 provides in relevant part: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed[.]" A presentence motion to withdraw a guilty plea should be freely and liberally granted; however, a defendant does not have an absolute right to withdraw such plea. State v. Xie (1992), 62 Ohio St.3d 521, 527. Rather, "[t]he decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." Id. at paragraph two of the syllabus. In Xie, the Ohio Supreme Court explained the import of the deference afforded to the trial court:
 "Even though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, * * * still the decision thereon is within the sound discretion of the trial court. * * * Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. * * * One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion. * * *" (Citations omitted.)
(Alterations in original.) Id. at 526, quoting Barker v. United States
(C.A.10, 1978), 579 F.2d 1219, 1223. An abuse of discretion is more than an error of judgment; it implies a decision that is unreasonable, arbitrary, or unconscionable. Xie, 62 Ohio St.3d at 527.
This court has written that a trial court does not abuse its discretion in denying a defendant's motion to withdraw a guilty plea when the defendant "(1) is represented by competent counsel, (2) is given a full hearing before entering the plea, and (3) is given a hearing on the motion to withdraw during which the court considers the defendant's arguments in support of the motion[.]" State v. Rosemark (1996),116 Ohio App.3d 306, 308.
In the case at bar, the record reflects that Mr. Terry was represented by competent counsel throughout the proceedings before the trial court, received a hearing to enter his guilty plea,[1] and, on July 27, 2001, before sentencing, received a hearing on his motion to withdraw his guilty plea during which the court carefully considered Mr. Terry's arguments in support of the motion.
At the July 27, 2001 hearing, Mr. Terry argued that he felt rushed into making the decision as to whether he should accept the plea bargain and plead guilty, because he was given only forty minutes to make a decision. The trial court, however, noted that Mr. Terry had approximately fifteen months to think about "the whole matter" and found that Mr. Terry had sufficient time to consider the plea agreement. The trial court added that, at the plea hearing, Mr. Terry did not exhibit any indecision regarding the plea. Significantly, both the trial court and defense counsel agreed that the trial court had complied with Crim.R. 11. The record also contains a plea agreement sheet signed by Mr. Terry, in which Mr. Terry entered a plea of guilty and acknowledged that he understood the implications of a guilty plea. In denying the Crim.R. 32.1 motion, the trial court determined that Mr. Terry's guilty plea was made knowingly, voluntarily, and intelligently.
Based on the foregoing, we cannot conclude that the trial court abused its discretion in denying Mr. Terry's Crim.R. 32.1 motion to withdraw the guilty plea. Mr. Terry's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
CARR, P.J., WHITMORE, J. CONCUR.
[1] Pursuant to App.R. 9(B), the appellant bears the burden of ensuring that the record necessary to determine the appeal is filed with the appellate court. See State v. Williams (1995), 73 Ohio St.3d 153, 160. The record filed with this court consists of the original papers, a certified copy of the docket and journal entries from the trial court, and a transcript of the July 27, 2001 hearing on the motion to withdraw the guilty plea. Although Mr. Terry references portions of the plea hearing transcript in his appellate brief, Mr. Terry did not cause the plea hearing transcript to be filed with this court. Consequently, it is not part of the appellate record.