DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant James E. Morlock has appealed from the judgment of the Summit County Court of Common Pleas that denied his motion to withdraw his guilty plea. This Court affirms.
 I {¶ 2} On November 24, 2004, an indictment was filed against Defendant-Appellant James E. Morlock for one count of illegal manufacture of drugs, in violation of R.C. 2925.04(A), a felony of the second degree; one count of aggravated possession of drugs, in violation of R.C. 2925.11(A), a felony of the second degree; and one count of illegal assembly or possession of chemicals for the manufacture of drugs, in violation of R.C.2925.041, a felony of the third degree. On December 1, 2004, Appellant entered "not guilty" pleas to all charges in the indictment.
 {¶ 3} A supplemental indictment was filed on December 8, 2004, and Appellant was indicted on one count of illegal manufacture of drugs, in violation of R.C. 2925.04(A), a felony of the second degree; one count of illegal assembly or possession of chemicals for the manufacture of drugs, in violation of R.C.2925.041, a felony of the third degree; one count of aggravated possession of drugs, in violation of R.C. 2925.11(A), a felony of the third degree; improper lane change, in violation of R.C.4511.33, a minor misdemeanor; and failure to use turn signals, in violation of R.C. 4511.39, a minor misdemeanor. On December 10, 2004, Appellant entered "not guilty" pleas to all charges in the supplemental indictment.[1]
 {¶ 4} On March 15, 2005, a second supplemental indictment was filed against Appellant for one count of aggravated drug possession, in violation of R.C. 2925.11(A), a felony of the fifth degree; and one count of improper registration, in violation of R.C. 4549.11, a minor misdemeanor. On March 22, 2005, Appellant entered "not guilty" pleas to both charges in the indictment.
 {¶ 5} On March 29, 2005, a third supplemental indictment was filed against Appellant for one count of aggravated possession of drugs, in violation of R.C. 2925.11(A), a felony of the second degree. On April 6, 2005, Appellant entered a "not guilty" plea to the sole charge in the indictment.
 {¶ 6} On May 3, 2005, Appellant reached a plea agreement with the State. Appellant pled guilty to two counts of illegal manufacture of drugs, in violation of R.C. 2925.04(A), felonies of the second degree (counts one and four) and two counts of aggravated possession of drugs, in violation of R.C. 2925.11(A), felonies of the second degree (counts two and eleven). Pursuant to the plea agreement, the trial court dismissed the remaining seven charges against Appellant.
 {¶ 7} On June 28, 2005, prior to sentencing, Appellant filed a motion to withdraw his guilty plea. Appellant based his motion on his assertion of innocence in his presentence investigation. The trial court held a hearing on the matter and on July 14, 2005, the trial court denied Appellant's motion to withdraw his guilty plea. Appellant has timely appealed the trial court's ruling, asserting one assignment of error.
 II Assignment of Error Number One
"THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT'S PRESENTENCE MOTION TO WITHDRAW HIS GUILTY PLEA."
 {¶ 8} In his sole assignment of error, Appellant has argued that the trial court abused its discretion when it denied his motion to withdraw his guilty plea. Specifically, Appellant has argued that the trial court erred in finding that he had no reasonable and legitimate basis for withdrawing his guilty plea. We disagree.
 {¶ 9} This Court reviews a motion to withdraw a guilty plea under the abuse of discretion standard. State v. Xie (1992),62 Ohio St.3d 521, 526. An abuse of discretion implies more than a mere error of judgment or law, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. Unless it is established that the trial court acted unjustly or unfairly, an appellate court cannot find that an abuse of discretion occurred. Xie, 62 Ohio St.3d at 526, quoting Barker v. United States (C.A.10, 1978), 579 F.2d 1219, 1223.
 {¶ 10} Crim.R. 32.1 permits a defendant to file a presentence motion to withdraw his plea. Although a presentence motion to withdraw a guilty plea is generally "to be freely allowed and treated with liberality" by the trial court, the decision to grant or deny such a motion is nevertheless within the sound discretion of the trial court. Id. Moreover, "[a defendant] who enters a guilty plea has no right to withdraw it." Id. To prevail on a motion to withdraw a guilty plea a defendant must provide a reasonable and legitimate reason for withdrawing his guilty plea.State v. Dewille (Nov. 4, 1992), 9th Dist. No. 2101 at 2, citingXie, 62 Ohio St.3d at 527; see, also State v. Van Dyke, 9th Dist. No. 02CA008204, 2003-Ohio-4788, at ¶ 10. Determining whether the defendant's reason is reasonable and legitimate also lies within the trial court's sound discretion. State v.Rosemark (1996), 116 Ohio App.3d 306, 308. Moreover, "the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by th[e] [trial] court[,]" and therefore, a reviewing court should defer to the trial court's judgment. (Quotations omitted). Xie,62 Ohio St.3d at 525.
 {¶ 11} A trial court does not abuse its discretion in denying a motion to withdraw a plea when the following three elements were present: 1) the defendant was represented by competent counsel; 2) the trial court provided the defendant with a full hearing before entering the guilty plea; and 3) the trial court provided the defendant with a full hearing on the motion to withdraw his guilty plea and considered the defendant's arguments in support of his motion to withdraw his guilty plea. Rosemark,116 Ohio App.3d at 308. Although Appellant has not argued error under the first two prongs of the test, we must address all three prongs.
Competency of Counsel
 {¶ 12} This Court initially notes that an attorney properly licensed in Ohio is presumed competent. State v. Lott (1990),51 Ohio St.3d 160, 174, certiorari denied (1990), 498 U.S. 1017,111 S.Ct. 591, 112 L.Ed.2d 596. The record supports this presumption; as previously mentioned, Appellant has not alleged incompetent counsel and we have found no evidence that his counsel was ineffective. Moreover, in the trial court's decision denying Appellant's motion to withdraw his guilty plea the trial court found that Appellant's counsel was more than competent. The trial court stated: "there is no question that highly competent counsel represented the Defendant[.] Defense counsel has expertly handled this case at all times since its inception and to the Defendan[t's] apparent satisfaction." Based on the foregoing, we will not disturb the conclusion of the trial court; we find that Appellant was represented by competent counsel. Accordingly, the first element of the Rosemark test is satisfied. SeeRosemark, 116 Ohio App.3d at 308.
Full Hearing Before Entering Guilty Plea
 {¶ 13} While it is clear from the trial court's docket that a plea hearing was held in this matter, Appellant has failed to provide this Court with a transcript of the hearing. Pursuant to App.R. 9 and Loc.R. 5, an appellant bears the burden to ensure that the record necessary to determine the appeal is before the appellate court. App.R. 9(B); Loc.R. 5(A); State v. McCowan,
9th Dist. No. 02CA008124, 2003-Ohio-1797, at ¶ 6, citing Statev. Williams (1995), 73 Ohio St.3d 153, 160. If the record is incomplete, an appellate court must presume that the trial court acted with regularity and with sufficient evidence to support its findings. McCowan at ¶ 6, citing State v. Miller (June 7, 2000), 9th Dist. No. 19810 at 3. Therefore, we must presume that the trial court provided Appellant with a full hearing before entering the guilty plea. See Id. Our presumption is supported by the fact Appellant has not alleged error in the plea hearing proceedings. Based on the foregoing, the second prong of theRosemark test is met. See Rosemark, supra.
Full Hearing On Motion to Withdraw Plea
 {¶ 14} On June 28, 2005, the trial court held a hearing on Appellant's motion to withdraw his guilty plea. During the hearing, Appellant's counsel argued that Appellant was entitled to withdraw his guilty plea because during the probation department's presentence investigation Appellant asserted that he was innocent of the charges to which he had pled guilty. Appellant's counsel argued that Appellant felt he was not given an opportunity to freely and fairly litigate the issues in his case. Appellant's counsel argued that the innocence claim first arose during the presentence investigation. The trial court asked if there was new evidence that was not available before the plea and Appellant's counsel responded: "There is one witness, Judge, that after the plea that we were able to locate, that goes to one of the counts." Then counsel stated: "But I really don't think the issue is newly-discovered evidence on whether or not an individual is entitled to withdraw his guilty plea." No witnesses were called during the hearing and no evidence was presented.
 {¶ 15} Upon review of the record we find that the trial court provided the defendant with a full hearing on the motion to withdraw his guilty plea and considered the defendant's arguments in support of his motion to withdraw his guilty plea. It is clear from the record that Appellant was provided an opportunity to present his arguments for withdrawing his guilty plea. Appellant's arguments were centered on his new claim of innocence and the possibility of a new witness. We find his arguments lacked merit. Appellant did not offer any evidence or testimony to support his new claims of innocence. Rather, Appellant merely asserted, through his counsel, that he did not commit the offenses to which he had pled guilty. A mere "change of heart" does not constitute a legitimate basis for the withdrawal of a guilty plea. State v. Miller (July 9, 2000), 9th Dist. No. 99CA007334 at 3. Appellant mentioned a witness that may have been in his car, but never argued or explained who this witness was or if he had any information concerning the crimes to which Appellant pled guilty. When pressed for information about the witness, Appellant did not provide any information to support his innocence claim.
 {¶ 16} Based on the foregoing, we find that Appellant failed to meet his burden to articulate a reasonable and legitimate basis for a withdrawal of his guilty plea. Accordingly, the trial court did not abuse its discretion when it denied Appellant's motion to withdraw his guilty plea. Appellant's sole assignment of error lacks merit.
 III {¶ 17} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J. and Moore, J., concur.
[1] The record also shows Appellant entering "not guilty" pleas to the same charges on January 4, 2005.