DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Michael Alan Morlock, appeals the judgment of the Summit County Court of Common Pleas, which denied his motion to withdraw his guilty plea. This Court affirms.
 I. {¶ 2} On November 24, 2004, appellant was indicted on one count of illegal manufacture of drugs in violation of R.C.2925.04(A), a felony of the second degree; one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a felony of the second degree; and one count of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041, a felony of the third degree. On December 1, 2004, appellant entered a plea of "not guilty" to all three counts in the indictment.
 {¶ 3} On May 3, 2005, appellant reached a plea agreement with the State. Upon the State's motion, the trial court amended the second count of the indictment "to the lesser and included offense of ILLEGAL ASSEMBLY OR POSSESSION OF CHEMICALS FOR THE MANUFACTURE OF DRUGS [in violation of R.C. 2925.041], a felony of the 3rd degree." Appellant then entered a guilty plea to the amended second count of the indictment. Pursuant to the plea agreement, the trial court dismissed the remaining two charges against appellant. The trial court further referred the case to the Adult Probation Department for a pre-sentence investigation.
 {¶ 4} On June 7, 2005, the trial court granted leave to appellant to file a motion to withdraw his guilty plea and scheduled the matter for hearing on June 28, 2005. At hearing, appellant based his motion on his assertion of innocence during his pre-sentence investigation. On July 14, 2005, the trial court issued an order denying appellant's motion to withdraw his guilty plea for the reason that no reasonable and legitimate basis existed to grant the motion.
 {¶ 5} On July 29, 2005, the trial court issued a journal entry ordering that the journal entry dated May 3, 2005, and filed May 12, 2005, be filed nunc pro tunc to indicate the following: (1) the second count of the indictment was amended to the lesser and included offense of aggravated possession of drugs in violation of R.C. 2925.11(A), a felony of the third degree; (2) appellant entered guilty pleas to the amended second count of the indictment and the third count of the indictment, which charged one count of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041, a felony of the third degree; and (3) pursuant to plea agreement, the first count of the indictment, which charged one count of illegal manufacture of drugs in violation of R.C. 2925.04(A), a felony of the second degree, was dismissed. The trial court sentenced appellant accordingly.
 {¶ 6} Appellant timely appeals the trial court's denial of his motion to withdraw his guilty plea, asserting one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT'S PRESENTENCE MOTION TO WITHDRAW HIS GUILTY PLEA."
 {¶ 7} In his sole assignment of error, appellant argues that the trial court abused its discretion when it denied his motion to withdraw his guilty plea. Specifically, appellant argues that the trial court erred in denying his motion on the grounds that appellant had no reasonable and legitimate basis for withdrawing his guilty plea. This Court disagrees.
 {¶ 8} This Court reviews a motion to withdraw a guilty plea under the abuse of discretion standard. State v. Xie (1992),62 Ohio St.3d 521, 526. An abuse of discretion implies more than a mere error of judgment or law, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. Unless it is established that the trial court acted unjustly or unfairly, an appellate court cannot find that an abuse of discretion occurred. Xie, 62 Ohio St.3d at 526, quoting Barker v. United States (C.A. 10, 1978), 579 F.2d 1219, 1223.
 {¶ 9} Crim.R. 32.1 permits a defendant to file a pre-sentence motion to withdraw his plea. Although a pre-sentence motion to withdraw a guilty plea is generally "to be freely allowed and treated with liberality" by the trial court, the decision to grant or deny such a motion is nevertheless within the sound discretion of the trial court. Id. Moreover, "[a defendant] who enters a guilty plea has no right to withdraw it." Id. To prevail on a motion to withdraw a guilty plea, a defendant must provide a reasonable and legitimate reason for withdrawing his guilty plea.State v. Dewille (Nov. 4, 1992), 9th Dist. No. 2101, citingXie, 62 Ohio St.3d at 527; see, also State v. Van Dyke, 9th Dist. No. 02CA008204, 2003-Ohio-4788, at ¶ 10. Determining whether the defendant's reason is reasonable and legitimate also lies within the trial court's sound discretion. State v.Rosemark (1996), 116 Ohio App.3d 306, 308. Moreover, "the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by th[e] [trial] court[,]" and therefore, a reviewing court should defer to the trial court's judgment. (Quotations omitted.) Xie,62 Ohio St.3d at 525.
 {¶ 10} A trial court does not abuse its discretion in denying a motion to withdraw a plea when the following three elements are present: (1) the defendant was represented by competent counsel; (2) the trial court provided the defendant with a full hearing before entering the guilty plea; and (3) the trial court provided the defendant with a full hearing on the motion to withdraw his guilty plea and considered the defendant's arguments in support of his motion to withdraw his guilty plea. Rosemark,116 Ohio App.3d at 308. Although appellant has not argued error under the first two prongs of the test, this Court must address all three prongs.
Competency of Counsel
 {¶ 11} This Court initially notes that an attorney properly licensed in Ohio is presumed competent. State v. Lott (1990),51 Ohio St.3d 160, 174, certiorari denied (1990), 498 U.S. 1017. The record supports this presumption. As previously noted, appellant has not alleged counsel's incompetence, and this Court has found no evidence to indicate that trial counsel was ineffective. Moreover, in the trial court's order denying appellant's motion to withdraw his guilty plea, the trial court found that appellant's counsel was more than competent. The trial court stated that "[t]here is no question that highly competent counsel represented the Defendant [.] Defense counsel has expertly handled this case at all times since its inception and to the Defendan[t's] apparent satisfaction." Based on the foregoing, this Court will not disturb the conclusion of the trial court; we find that appellant was represented by competent counsel. Accordingly, the first prong of the Rosemark test is satisfied. See Rosemark, 116 Ohio App.3d at 308.
Full Hearing Before Entering Guilty Plea
 {¶ 12} While it is clear from the trial court's docket that a plea hearing was held in this matter, appellant has failed to provide this Court with a transcript of that hearing. Pursuant to App.R. 9 and Loc.R. 5, an appellant bears the burden to ensure that the record necessary to determine the appeal is before the appellate court. App.R. 9(B); Loc.R. 5(A); State v. McCowan,
9th Dist. No. 02CA008124, 2003-Ohio-1797, at ¶ 6, citing Statev. Williams (1995), 73 Ohio St.3d 153, 160. If the record is incomplete, an appellate court must presume that the trial court acted with regularity and with sufficient evidence to support its findings. McCowan at ¶ 6, citing State v. Miller (June 7, 2000), 9th Dist. No. 19810. Therefore, this Court must presume that the trial court provided appellant with a full hearing before entering the guilty plea. See id. This presumption is further supported by the fact that appellant has not alleged error in the plea hearing proceedings. Based on the foregoing, the second prong of the Rosemark test is met. See Rosemark,
supra.
Full Hearing on Motion to Withdraw Plea
 {¶ 13} On June 28, 2005, the trial court held a hearing on appellant's motion to withdraw his guilty plea. During the hearing, appellant's counsel argued that appellant was entitled to withdraw his guilty plea, because he had asserted during the probation department's pre-sentence investigation that he was innocent of the charges to which he had pled guilty. Appellant's counsel argued that appellant felt he was not given an opportunity to freely and fairly litigate the issues in his case. The trial court asked if there was new evidence that was not available before appellant entered his plea. Trial counsel informed the court that there was one witness relevant to a co-defendant's additional charges, but counsel failed to address appellant's case in that regard. Then trial counsel stated: "But I really don't think the issue is newly-discovered evidence on whether or not an individual is entitled to withdraw his guilty plea." Appellant presented no witnesses or other evidence during the hearing.
 {¶ 14} Upon review of the record, this Court finds that the trial court provided appellant with a full hearing on the motion to withdraw his guilty plea and further considered appellant's arguments in support of his motion. It is clear from the record that appellant was accorded an opportunity to present his arguments for withdrawing his guilty plea. Appellant's arguments were premised on his new claim of innocence. This Court finds that his arguments lacked merit.
 {¶ 15} Appellant did not offer any evidence or testimony to support his new claim of innocence. Although appellant claims that the trial court required him to demonstrate "newly discovered evidence," the court's order does not reflect this. In discussing why appellant wanted to withdraw his guilty plea, the court merely indicated that this is not a situation where appellant is alleging that new evidence has been discovered. Rather, appellant merely asserted, through counsel, that he did not commit the offenses to which he had pled guilty. A mere "change of heart" does not constitute a legitimate basis for the withdrawal of a guilty plea. State v. Miller (July 19, 2000), 9th Dist. No. 99CA007334.
 {¶ 16} Based on the foregoing, this Court finds that appellant failed to meet his burden to articulate a reasonable and legitimate basis for a withdrawal of his guilty plea. Accordingly, the trial court did not abuse its discretion when it denied appellant's motion to withdraw his guilty plea on that basis. Appellant's sole assignment of error is overruled.
 III. {¶ 17} Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, which denied appellant's motion to withdraw his guilty plea, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, P.J. Whitmore, J. concur.