DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Brenda M. Morlock, appeals from the judgment of the Summit County Court of Common Pleas that denied her motion to withdraw her guilty plea under Crim.R. 32.1. We affirm.
 {¶ 2} Defendant was indicted on November 30, 2004, for one count of possession of chemicals for the manufacture of drugs, in violation of R.C. 2925.041. In a supplemental indictment dated December 8, 2004, Defendant was indicted for one count of illegal manufacture of drugs, in violation of R.C. 2925.04(A), a felony of the second degree; one count of illegal assembly or possession of chemicals for the manufacture of drugs, in violation of R.C.2925.041, a felony of the third degree; and one count of aggravated possession of drugs, in violation of R.C. 2925.11(A), a felony of the third degree. Defendant entered a plea of not guilty on December 17, 2004, to all charges in the indictment.
 {¶ 3} On May 3, 2005, Defendant reached a plea agreement with the State. In a journal entry dated May 12, 2005, Defendant retracted her prior not guilty plea and pled guilty to the charge of illegal assembly or possession of chemicals for the manufacture of drugs, in violation of R.C. 2925.041, a felony of the third degree, and aggravated possession of drugs, in violation of R.C. 2925.11, a felony of the third degree. The charge of illegal manufacture of drugs was dismissed.
 {¶ 4} Prior to sentencing on June 7, 2005, Defendant filed a motion to withdraw her guilty plea. The trial court held a hearing on the matter on June 28, 2005, and on July 14, 2005, the trial court denied Defendant's motion to withdraw her guilty plea. Defendant was sentenced to a one-year prison sentence which was suspended upon Defendant completing two years of community control.
 {¶ 5} Defendant appealed, asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The Trial Court abused its discretion when it denied [Defendant's] presentence motion to withdraw her guilty plea."
 {¶ 6} In her sole assignment of error, Defendant has argued that the trial court abused its discretion when it denied her motion to withdraw her guilty plea. Specifically, Defendant has argued that the trial court erred in finding that she had no reasonable and legitimate basis for withdrawing her guilty plea. We disagree.
 {¶ 7} This Court reviews a motion to withdraw a guilty plea under the abuse of discretion standard. State v. Xie (1992),62 Ohio St.3d 521, 526. An abuse of discretion implies more than a mere error of judgment or law, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. Unless it is established that the trial court acted unjustly or unfairly, an appellate court cannot find that an abuse of discretion occurred. Xie, 62 Ohio St.3d at 526, quoting Barker v. United States (C.A.10, 1978), 579 F.2d 1219, 1223.
 {¶ 8} Crim.R. 32.1 permits a defendant to file a presentence motion to withdraw his plea. Although a presentence motion to withdraw a guilty plea is generally "to be freely allowed and treated with liberality" by the trial court, the decision to grant or deny such a motion is nevertheless within the sound discretion of the trial court. Xie, 62 Ohio St.3d at 526. Furthermore, "[a defendant] who enters a guilty plea has no right to withdraw it." Id., see, also State v. Hall (October 21, 1992), 9th Dist. No. 92CA005282, at 2. In order to prevail on a motion to withdraw a guilty plea, a defendant must provide a reasonable and legitimate reason for withdrawing his guilty plea.State v. Dewille (Nov. 4, 1992), 9th Dist. No. 2101 at 2, citingXie, 62 Ohio St.3d at 527; see, also State v. Van Dyke, 9th Dist. No. 02CA008204, 2003-Ohio-4788, at ¶ 10. Determining whether a defendant's reason is reasonable and legitimate also lies within the trial court's sound discretion. State v.Rosemark (1996), 116 Ohio App.3d 306, 308. Moreover, "the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by th[e] [trial] court[,]" and therefore, a reviewing court should defer to the trial court's judgment. (Quotations omitted). Xie,62 Ohio St.3d at 525.
 {¶ 9} A trial court does not abuse its discretion in denying a motion to withdraw a plea when the following three elements were present: 1) the defendant was represented by competent counsel; 2) the trial court provided the defendant with a full hearing before entering the guilty plea; and 3) the trial court provided the defendant with a full hearing on the motion to withdraw his guilty plea and considered the defendant's arguments in support of his motion to withdraw his guilty plea. Rosemark,116 Ohio App.3d at 308. Although Appellant has not argued error under the first two prongs of the test, we must address all three prongs.
Competency of Counsel
 {¶ 10} This Court initially notes that an attorney properly licensed in Ohio is presumed competent. State v. Lott (1990),51 Ohio St.3d 160, 174, certiorari denied (1990), 498 U.S. 1017,111 S.Ct. 591, 112 L.Ed.2d 596. The record supports this presumption; as previously mentioned, Defendant has not alleged incompetent counsel and we have found no evidence that her counsel was ineffective. Moreover, in the trial court's decision denying Defendant's motion to withdraw her guilty plea, the trial court found that Defendant's counsel was more than competent. The trial court stated: "[t]here is no question that highly competent counsel represented the Defendant[.] Defense counsel has expertly handled this case at all times since its inception and to the Defendan[t's] apparent satisfaction." Based on the foregoing, we will not disturb the conclusion of the trial court; we find that Defendant was represented by competent counsel. Accordingly, the first element of the Rosemark test is satisfied. SeeRosemark, 116 Ohio App.3d at 308.
Full Hearing Before Entering Guilty Plea
 {¶ 11} While it is clear from the trial court's docket that a plea hearing was held in this matter, Defendant has failed to provide this Court with a transcript of the hearing. Pursuant to App.R. 9 and Loc.R. 5, an appellant bears the burden to ensure that the record necessary to determine the appeal is before the appellate court. App.R. 9(B); Loc.R. 5(A); State v. McCowan,
9th Dist. No. 02CA008124, 2003-Ohio-1797, at ¶ 6, citing Statev. Williams (1995), 73 Ohio St.3d 153, 160. "If the record is incomplete, [an appellate] court must presume that the trial court acted with regularity and with sufficient evidence to support its findings." McCowan at ¶ 6, citing State v. Miller
(June 7, 2000), 9th Dist. No. 19810 at 3. Therefore, we must presume that the trial court provided Defendant with a full hearing before entering the guilty plea. See Id. Our presumption is supported by the fact that Defendant has not alleged error in the plea hearing proceedings. Based on the foregoing, the second prong of the Rosemark test is met. See Rosemark, supra.
Full Hearing On Motion to Withdraw Plea
 {¶ 12} On June 28, 2005, the trial court held a hearing on Defendant's motion to withdraw her guilty plea. During the hearing, Defendant's counsel argued that Defendant was entitled to withdraw her guilty plea because, during the probation department's presentence investigation, Defendant had made statements indicating that she was innocent of the offenses to which she had pled guilty. Defendant's counsel emphasized that Defendant felt she was being given an opportunity to freely and fairly litigate the issues in order to have "[her] day in court." Defendant's counsel argued that the innocence claim first arose during the presentence investigation. The trial court stated that it "took great time with [Defendant] in taking [her] ple[a] of guilty * * * so that I could give the cas[e] more than my full attention," and asked if there was new evidence that was not available before the plea. Defendant's counsel responded: "There is one witness, Judge, that after the plea that we were able to locate, that goes to one of the counts." Then counsel stated: "But I really don't think the issue is newly-discovered evidence on whether or not an individual is entitled to withdraw his guilty plea." No witnesses were called during the hearing and no evidence was presented.
 {¶ 13} Upon review of the record we find that the trial court provided Defendant with a full hearing on the motion to withdraw her guilty plea and considered Defendant's arguments in support of her motion to withdraw her guilty plea. It is clear from the record that Defendant was provided an opportunity to present her arguments, which centered on her new claim of innocence and the possibility of a new witness. We find her arguments lacked merit, as Defendant did not offer any evidence or testimony to support her new claims of innocence.
 {¶ 14} Although Defendant claims that the trial court required her to demonstrate "newly discovered evidence," the court's order does not reflect this. Defendant, through counsel, stated to the court that her argument on withdrawing her guilty plea was not because there was newly discovered evidence, but because "individuals can assert any defenses that they had." In discussing why Defendant wanted to withdraw her guilty plea, the court also noted that this is not a situation where Defendant is alleging that new evidence has been discovered. Instead, Defendant asserted that she did not commit the offenses to which she had pled guilty. A mere "change of heart" does not constitute a legitimate basis for the withdrawal of a guilty plea. State v.Miller (July 19, 2000), 9th Dist. No. 99CA007334 at 3. Defendant mentioned a witness that may have been in her husband's car, as her husband being a co-defendant in this action. However, Defendant never provided information as to who this witness was, or what information was available from this person.
 {¶ 15} Based on the foregoing legal standard, we find that Defendant failed to meet her burden to articulate a reasonable and legitimate basis for a withdrawal of her guilty plea. Accordingly, the trial court did not commit an abuse of discretion when it denied Defendant's motion to withdraw her guilty plea. This Court overrules Defendant's sole assignment of error.
 {¶ 16} Defendant's sole assignment of error is overruled and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J. Carr, J. concur.