DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Calvin Scarbro has appealed from the decision of the Lorain County Court of Common Pleas which denied his motion to withdraw his guilty plea. This Court affirms.
 I {¶ 2} On June 30, 2005, Defendant-Appellant Calvin Scarbro was indicted in the Lorain County Court of Common Pleas on three counts of unlawful sexual contact with a minor, violations of R.C. 2907.04, felonies of the third degree; and two counts of gross sexual imposition, violations of R.C. 2907.05, felonies of the third and fourth degree, respectively. On August 11, 2005, Appellant was indicted on an additional count of gross sexual imposition, in violation of R.C.2907.05, a felony of the third degree. On March 6, 2006, the trial court granted the State's motion to consolidate the matters. A jury trial was scheduled for March 14, 2006.
 {¶ 3} On that date, Appellant appeared for trial under the influence of alcohol and drugs. At that time, the trial court declared Appellant impaired, continued the trial, and revoked Appellant's bond. Appellant was then incarcerated.
 {¶ 4} On March 16, 2006, Appellant appeared at a scheduled pretrial, with counsel, and entered a plea of guilty to all charges. On June 8, prior to sentencing, Appellant filed a motion to withdraw his plea. The trial court denied Appellant's motion and sentenced Appellant to four years incarceration in each case and ordered the sentences to be served concurrently. Appellant was also classified as a sexually oriented offender.
 {¶ 5} Appellant has timely appealed, asserting one assignment of error.
 II Assignment of Error "THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA BEFORE SENTENCING."
 {¶ 6} In his sole assignment of error, Appellant has argued that the trial court erred when it denied his motion to withdraw his guilty plea because the plea was unknowing and involuntary. Specifically, Appellant has argued that he is an alcoholic and that he was suffering from withdrawal symptoms at the time his plea was made. According to Appellant, such withdrawal symptoms impaired his mental state and caused him to plead guilty in order to have his bond reinstated so that he could satisfy his compulsion for alcohol. Finally, Appellant has also argued that his guilty plea was involuntary because it was coerced by an overriding concern for his family and the need to be out of jail to locate them. This Court disagrees.
 {¶ 7} This Court reviews a motion to withdraw a guilty plea under the abuse of discretion standard. State v. Xie (1992), 62 Ohio St.3d 521,527. An abuse of discretion implies more than a mere error of judgment or law, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621. Unless it is established that the trial court acted unjustly or unfairly, an appellate court cannot find that an abuse of discretion occurred. Xie, 62 Ohio St.3d at 526, quotingBarker v. United States (C.A.10, 1978), 579 F.2d 1219, 1223.
 {¶ 8} Crim. R. 32.1 governs motions to withdraw guilty pleas. The rule provides in pertinent part:
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim. R. 32.1.
Although a presentence motion to withdraw a guilty plea is generally "freely allowed and treated with liberality" by the trial court, the decision to grant or deny such a motion is nevertheless within the sound discretion of the trial court. Xie, 62 Ohio St.3d at 526. Moreover, "[a defendant] who enters a guilty plea has no right to withdraw it." Id.
 {¶ 9} To prevail on a motion to withdraw a guilty plea, a defendant must provide a reasonable and legitimate reason for withdrawing the plea. State v. DeWille (Nov. 4, 1992), 9th Dist. No. 2101, at *1, citingXie, 62 Ohio St.3d at 527. See also State v. Van Dyke, 9th Dist. No. 02CA008204, 2003-Ohio-4788, at ¶ 10. Determining whether the defendant's reason is reasonable and legitimate also lies within the trial court's sound discretion. State v. Rosemark (1996), 116 Ohio App.3d 306, 308. Moreover, "the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by th[e] [trial] court[,]" and therefore, a reviewing court should defer to the trial court's judgment. (Quotations omitted). Xie, 62 Ohio St.3d at 525.
 {¶ 10} A trial court does not abuse its discretion in denying a motion to withdraw a plea when: 1) the defendant was represented by competent counsel; 2) the trial court provided the defendant with a full hearing before entering the guilty plea; and 3) the trial court provided the defendant with a full hearing on the motion to withdraw his guilty plea and considered the defendant's arguments in support of his motion to withdraw his guilty plea. State v. Apple-Wright, 9th Dist. No. 06CA008865, 2006-Ohio-5805, at ¶ 7, citing Rosemark,116 Ohio App.3d at 308.
 {¶ 11} This Court initially notes that Appellant has not alleged incompetent representation. Further, in Ohio, licensed attorneys are presumed competent and there is nothing in the record to contradict this presumption. See State v. Lott (1990), 51 Ohio St.3d 160, 174. Additionally, Appellant has not alleged that he was denied a full hearing prior to entering his guilty plea. To the contrary, the record indicates that Appellant was afforded a full hearing. Thus, the first two prongs of the Rosemark test have been satisfied. SeeRosemark, 116 Ohio App.3d at 308.
 {¶ 12} The record also indicates that Appellant was provided with a hearing on his motion to withdraw the guilty plea. However, during this hearing, defense counsel asserted that Appellant's guilty plea was not knowing and voluntary because he was suffering from alcohol withdrawal and that he only pled guilty to have his bond reinstated so he could continue to drink. Appellant has asserted that the compulsion of Appellant's alcohol withdrawal and family concerns were reasonable and legitimate reasons to withdraw his plea. We disagree.
 {¶ 13} There is nothing in the record to demonstrate that Appellant's guilty plea was involuntary or compelled by any outside force. At the hearing prior to changing his plea to guilty, defense counsel stated to the court that he had engaged in meaningful conversation with Appellant and that counsel had no concerns that Appellant was unable to make a knowing decision. Appellant himself told the court that he was not under the influence of any substance, that he felt "very coherent" and even apologized for his prior intoxication. The court explained to Appellant the possible punishments, the effect of a sexually oriented offender classification, and what constitutional rights Appellant would be waiving by entering a guilty plea. Appellant stated to the court that he understood. Appellant also confirmed that he had not been threatened or forced and that no promises or representation had been made to induce his guilty plea.
 {¶ 14} As stated above, the good faith and credibility of the defendant, as well as the weight given to the defendant's reasons are matters to be resolved by the trial court. Xie, 62 Ohio St.3d at 525. Therefore, this Court will defer to the trial court's judgment. Based on the foregoing, this Court concludes that Appellant failed to present a reasonable and legitimate reason to withdraw his guilty plea. SeeState v. Mason (Apr. 19, 1999), 5th Dist. No. 98 CA 80, at *3 (holding that trial court did not abuse its discretion in denying defendant's motion to withdraw guilty plea where defendant alleged alcohol withdrawal but the record demonstrated he was in good mental health and understood the nature of the proceedings).
 {¶ 15} Accordingly, based on the full hearing Appellant received and his failure to present a reasonable and legitimate basis for withdrawing his plea, the third prong of the Rosemark test is satisfied. SeeRosemark, 116 Ohio App.3d at 308; Apple-Wright at ¶ 12. As each prong of the Rosemark test is satisfied, this Court cannot say that the trial court abused its discretion in denying Appellant's motion to withdraw his plea.
 {¶ 16} Appellant's sole assignment of error lacks merit.
 III {¶ 17} Appellant's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
BETH WHITMORE FOR THE COURT
CARR, J., MOORE, J., CONCUR