[Cite as *State v. Thomas*, 2023-Ohio-3903.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 22 COA 028 |
| TAVIAN THOMAS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common Pleas, Case No.  22 CRI 029


JUDGMENT:      Vacated and Remanded


DATE OF JUDGMENT ENTRY:      October 26, 2023


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

CHRISTOPHER R. TUNNELL      BENJAMIN R. SORBER
PROSECUTING ATTORNEY      HANNA CAMPBELL & POWELL
NADINE HAUPTMAN      3737 Embassy Parkway
ASSISTANT PROSECUTOR      Suite 100
119 Cottage Street, Third Floor      Akron, Ohio  44333
Ashland, Ohio  44805

*Wise, J.*

{¶1}   Appellant Tavian Thomas appeals his conviction and sentence entered in the Ashland County Court of Common Pleas. Appellee is State of Ohio. The relevant facts leading to this appeal are as follows.

### STATEMENT OF THE FACTS AND CASE

{¶2}   On February 11, 2022, Appellee filed a thirteen-count indictment for one count of Kidnapping in violation of R.C. §2905.01(A)(3), one count of Abduction in violation of R.C. §2905.02(A)(1), two counts of Carrying a Concealed Weapon in violation of R.C. §2923.12(A)(2) and (1), two counts of Improper Handling of a Firearm in a Motor Vehicle in violation of R.C. §2923.16(B), one count of Menacing by Stalking in violation of R.C. §2903.211(A)(1), two counts of Intimidation of an Attorney, Victim or Witness in Criminal Case in violation of R.C. §2921.04(B)(2), one count of Possessing Criminal Tools in violation of R.C. §2923.24(A), two counts of Aggravated Menacing in violation of R.C. §2903.21(A), and one count of Domestic Violence in violation of R.C. §2919.25(A).

{¶3}   On April 6, 2022, pursuant to a plea agreement, Appellant entered a plea of guilty to Kidnapping, in violation of R.C. §2905.01(A)(3), Intimidation of an Attorney, Victim, or Witness in a Criminal Case in violation of R.C. §2921.04(B), and Domestic Violence in violation of R.C. §2929.25(A). All other remaining charges were dismissed.

{¶4}   On May 2, 2022, Appellant filed a Motion to Obtain New Counsel.

{¶5}   On May 4, 2022, Appellant filed a Motion to Withdraw Plea.

{¶6}   Appellant's original counsel withdrew from representation.

{¶7}   On June 5, 2022, Appellant's new counsel entered his appearance and filed a formal motion in support of Appellant's request to withdraw guilty plea.

**{¶8}** On June 28, 2022, the trial court held a hearing on Appellant's motion to withdraw guilty plea. At the hearing, Appellant testified he only met his previous attorney two or three times, counsel did not have discovery during their first meeting and did not bring all discovery to the second meeting. Appellant does not feel like it was his decision to plead guilty.

**{¶9}** On July 18, 2022, the trial court denied Appellant's motion to withdraw guilty plea.

### ASSIGNMENTS OF ERROR

**{¶10}** Appellant filed a timely notice of appeal. He herein raises the following Assignment of Error:

**{¶11}** "I. THE TRIAL COURT ERRED IN OVERRULING MR. THOMAS' MOTION TO WITHDRAW HIS GUILTY PLEA."

### I.

**{¶12}** In Appellant's sole Assignment of Error, Appellant argues the trial court erred by overruling Appellant's motion to withdraw his guilty plea. We agree.

**{¶13}** Crim.R. 32.1 governs withdrawals of guilty pleas. It provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice, the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

**{¶14}** Our review of a trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. *State v. Caraballo*, 17 Ohio St.3d 66, 477 N.E.2d 627 (1985). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and

not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). "* * * [T]he good faith, credibility and weight of the movant's assertions in support of the [Crim.R. 32.1] motion are matters to be resolved by [the trial] court." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus.

{¶15} The Supreme Court of Ohio has stated a pre-sentence motion to withdraw a guilty plea "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). That does not mean, however, a defendant has an absolute right to withdraw a guilty plea prior to sentencing. *Id.* at paragraph one of the syllabus. There must be "a reasonable and legitimate basis for withdrawal of the plea." *Id.* "[T]he trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* Whether a "reasonable and legitimate basis" for the withdrawal of a plea exists also lies within the trial court's sound discretion. *State v. Rosemark*, 116 Ohio App.3d 306, 308, 688 N.E.2d 22 (9th Dist.1996).

{¶16} During the hearing on Appellant's motion to withdraw his guilty plea, the trial court found that, "he didn't see where there is any manifest injustice under the circumstance." Tr. 23. As set forth in the rule, the manifest injustice standard applies to post-sentence plea withdrawals. Therefore, we find the trial court abused its discretion by analyzing the information gathered at the hearing on Appellant's motion to withdrawal his guilty plea using the manifest injustice standard instead of determining whether or not there is a reasonable and legitimate basis to withdraw his plea.

{¶17} Appellant's sole Assignment of Error is well taken.

{¶18} For the foregoing reasons, the judgment of the Court of Common Pleas, Ashland County, Ohio, is vacated and the matter is remanded for further proceedings consistent with this Opinion.

By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.

JWW/br 1024