OPINION *Page 2 
{¶ 1} Defendant-appellant Lloyd S. Jordan, Jr. appeals from the March 15, 2007, Judgment Entry of the Muskingum County Court of Common Pleas overruling his Motion to Withdraw Guilty Plea. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} A Muskingum County Grand Jury in a seven-count indictment indicted appellant. In Counts 1 through 4 of the indictment, Appellant was charged with theft of a credit card, a felony of the fifth degree; in Count 5, Appellant was charged with theft by deception, a felony of the fourth degree; in Count 6, Appellant was charged with misuse of a credit card, a felony of the third degree; and, finally, in Count 7, Appellant was charged with identity fraud of an elderly victim, a felony of the second degree.
 {¶ 3} On January 24, 2007, Appellant, while represented by counsel, entered a plea of guilty to Amended Count One of the Indictment, Receiving Stolen Property (More than $5,000.00 but less than $100,000.00), a felony of the fourth degree. The State agreed tonolle Counts Two, Three, Four, Five, Six, and Seven. The State and Appellant, entered into a joint recommendation that Appellant be placed on community control and be ordered to make restitution payments in the amount of $25,919.56. After conducting a hearing, the trial court accepted Appellant's plea of guilty. The court ordered a pre-sentence investigation at that time.
 {¶ 4} Prior to the sentencing date, Appellant filed, through counsel, a motion to withdraw his guilty plea. The motion to withdraw the guilty plea was based on the fact that Appellant did not realize that at the time of his plea, the effect of his guilty plea to a felony theft offense would result in his losing a license with the Department of *Page 3 
Agriculture, thereby resulting in the loss of his employment in the "pest control" industry. A hearing on this motion was held before the Court on March 12, 2007. Through counsel, Appellant articulated that he wanted to withdraw his guilty plea for two primary reasons: (1) Appellant did not realize at the time of the plea, the plea would result in Appellant losing his employment; and (2) Appellant was not guilty of the charges and thought that a plea would put everything "behind him."
 {¶ 5} After a hearing on the matter, the motion was orally denied by the Court on March 12, 2007. The trial court's Judgment Entry overruling the motion was filed March 15, 2007. After denial of the motion, the court proceeded to sentencing Appellant to five years of community control.
 {¶ 6} It is from the trial court's March 15, 2007 Judgment Entry that appellant appeals raising the following assignment of error:
 {¶ 7} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO GRANT APPELLANT LEAVE TO WITHDRAW HIS GUILTY PLEA."
 I. {¶ 8} In his sole assignment of error Appellant maintains that the trial court erred in refusing to allow Appellant to withdraw his negotiated guilty plea. We disagree.
 {¶ 9} Crim. R. 11 requires guilty pleas to be knowingly, intelligently and voluntarily made. Although literal compliance with Crim. R. 11 is preferred, substantial, not strict, compliance with Crim. R. 11 is required. State v. Stewart (1977), 51 Ohio St. 2d 86.
 {¶ 10} The question of an effective waiver of a Federal Constitutional right in a State criminal proceeding is governed by Federal standards.Boykin v. Alabama (1969), *Page 4 
395, U.S. 238. (Citing Douglas v. Alabama (1965) 380 U.S. 415). For a waiver to be valid under the Due Process clause of the United States Constitution, it must be: "[a]n intentional relinquishment or abandonment of a known right or privilege." Boykin, supra,395 U.S. at 243 n. 5 (Quoting Johnson v. Zerbst (1938), 304 U.S. 458).
 {¶ 11} A plea of guilty constitutes a complete admission of guilt. Crim. R. 11 (B) (1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." United v.Broce (1989), 488 U.S. 563, 570, 109 S.Ct. 757, 762.
 {¶ 12} With respect to statements made during change of plea hearings, the United States Supreme Court has stated: "the representation of the defendant, his lawyer, and the prosecutor in such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Machibroda v.United States (1962), 368 U.S. 487, 497, 82 S.Ct. 510, 515. Although the plea or sentencing proceedings record is imposing, it is not insurmountable. Id.
 {¶ 13} Crim. R. 32.1: states: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentences is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." *Page 5 
 {¶ 14} Although the general rule is that motions to withdraw guilty pleas before sentence are to be freely given and treated with liberality, the right to withdraw a plea is not absolute. State v.Xie (1992), 62 Ohio St. 3d 521, 526, 584 N.E. 2d 715 at paragraph one of the syllabus. Trial courts must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. Id. Thereafter, the decision to grant or deny a pre-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Id.
 {¶ 15} In determining whether to grant a motion to withdraw a guilty plea, the trial court should consider the circumstances surrounding the defendant's plea, including whether the defendant was represented by competent counsel at a full hearing and voluntarily waived his right to trial. See State v. Hamblin (March 26, 2001), Butler App. No. CA-2000-07-154; State v. Kimbrough (March 28, 1988), Stark App. No. CA-7363. In addition, the court should examine whether the withdrawal of the plea will prejudice the prosecution, the timing of the motion, the reasons given for the withdrawal, the defendant's understanding of the charges and penalties, and the existence of a meritorious defense. Id. See also, State v. Fish (1995), 104 Ohio App. 3d 236, 240,661 N.E. 2d 788. Furthermore, the determination of whether a "reasonable and legitimate basis" for the withdrawal of a plea exists also lies within the trial court's sound discretion. State v. Rosemark (1996),116 Ohio App.3d 306, 308, 688 N.E.2d 22; State v. Van Dyke, 9th
Dist. No. 02CA008204, 2003-Ohio-4788.
 {¶ 16} A trial court does not abuse its discretion in overruling a motion to withdraw a guilty plea if the following elements are present: (1) the defendant is represented by competent counsel; (2) the trial court provides the defendant with a full *Page 6 
hearing before entering the guilty plea; and (3) the trial court provides the defendant with a full hearing on the motion to withdraw guilty plea, where the court considers the defendant's arguments in support of his motion to withdraw a guilty plea. Rosemark,116 Ohio App.3d at 308, 688 N.E.2d 22; State v. Van Dyke at ¶ 11.
 {¶ 17} In the case at bar, the Appellant was at all times represented by a competent attorney. The Appellant advised the court at the time of his plea that he had discussed the case with his attorney and was satisfied with his representation. The trial court in the case at bar conducted a thorough Crim. R. 11 hearing in this matter fully detailing the Appellant's constitutional rights. Appellant signed a written plea of guilty form detailing the charges, the plea agreement and his constitutional rights. [Plea of Guilty to an Amended Indictment, filed January 24, 2007].
 {¶ 18} At the sentencing hearing, Appellant presented, and the trial court heard, his arguments in support of his motion to withdraw his guilty plea. First, Appellant argued that he entered his guilty plea based upon a mistaken understanding that he would still be able to keep his license with the Department of Agriculture that allowed him to work in the "pest control" industry even if he pled guilty to the charge. As his second argument in support of his motion to withdraw his guilty plea, Appellant asserted that he is not guilty of the charges.
 {¶ 19} Regarding Appellant's mistaken belief about his ability to keep his license with the Department of Agriculture after pleading guilty, the trial court provided Appellant with a full hearing before entering his plea. The trial court determined that Appellant entered his plea voluntarily, waived his constitutional rights knowingly, intelligently, and voluntarily, as well as understood the effect and nature of the charges against him. *Page 7 
Appellant's assertion of a mistaken belief as to his ability to keep his license with the Department of Agriculture is irrelevant to the determination of whether he entered his plea appropriately. VanDyke, supra at ¶ 17.
 {¶ 20} With respect to Appellant's second argument regarding his claim that he is not guilty of the offenses charged in the Indictment, Appellant has not factually substantiated his claim. Particularly, the record does not indicate that Appellant has set forth any specific reasons that provide him with a meritorious defense. State v. Boyd (Oct. 22, 1998), 10th Dist. No. 97APA12-1640, citing State v. Fish (1995),104 Ohio App.3d 236, 240, 661 N.E.2d 788. Further, the record does not indicate that Appellant has made any effort to show that he could not with reasonable diligence have discovered and produced exculpatory evidence before he entered his plea.
 {¶ 21} Upon review of the record, we determine that Appellant failed to meet his burden to articulate a reasonable and legitimate basis for a withdrawal of his guilty plea. In light of the aforementioned circumstances, as well as the fact that the trial court provided Appellant with an opportunity to address his arguments, we find that the trial court provided Appellant with a full hearing on the motion to withdraw his guilty plea, at which Appellant's arguments in support were considered. Rosemark, 116 Ohio App.3d at 308, 688 N.E.2d 22; VanDyke, supra at ¶ 20.
 {¶ 22} We conclude that Appellant was represented by competent counsel, that Appellant was afforded a full hearing before entering his guilty plea, and that Appellant was afforded a full hearing on his motion to withdraw his guilty plea. Consequently, we cannot find that the trial court's decision to deny Appellant's motion to withdraw his guilty plea was arbitrary, unreasonable, or unconscionable. State exrel. v. Cos., *Page 8 81 Ohio St.3d at 469, 692 N.E.2d 198. Therefore, we find that the trial court's denial of Appellant's motion to withdraw his guilty plea did not constitute an abuse of discretion. Rosemark, 116 Ohio App.3d at 308,688 N.E.2d 22; Van Dyke, supra at ¶ 21.
 {¶ 23} Appellant's sole assignment of error is overruled.
 {¶ 24} For the foregoing reasons, the judgment of the Muskingum County Court of Common Pleas, Ohio, is affirmed.
Gwin, P.J., Hoffman, J., and Delaney, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court of Common Pleas, Ohio, is affirmed. Costs to appellant. *Page 1