[Cite as *State v. Shields*, 2023-Ohio-1561.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| DERRELL SHIELDS | : | Case No. 22 CAA 110079 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 21 CR I 11 0639


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 May 9, 2023


APPEARANCES:

For Plaintiff-Appellant                   For Defendant-Appellee

MELISSA A. SCHIFFEL                       SAMUEL SAUL RICHARDSON
KATHERYN L. MUNGER                        2621 Dryden Road
145 North Union Street, 3rd Floor         Suite 306
Delaware, OH  43015                       Dayton, OH  45439

*King, J.*

{¶ 1}   Plaintiff-Appellant the state of Ohio appeals the October 20, 2022 judgment of the Delaware County Court of Common Pleas. Defendant-Appellee is Derrell Shields.

## Facts and Procedural History

{¶ 2}   A recitation of the underlying facts is unnecessary to our resolution of this appeal. On November 4, 2021, the Delaware County Grand Jury returned an indictment charging Shields with five counts of aggravated robbery, felonies of the first degree. Each count included a firearm specification.

{¶ 3}   On September 13, 2022, following negotiations with the state, Shields entered pleas of guilty to three counts of aggravated robbery as contained in counts 1, 4, and 5 of the indictment and the attendant firearm specifications. In exchange for Shields' pleas, the state dismissed counts 2 and 3.  The parties jointly recommended a 12-year prison term.

{¶ 4}   Shields filed a motion to withdraw his guilty pleas before sentencing took place. On October 19, 2022, a hearing was held on the motion. At the conclusion of the hearing the trial court granted Shields' motion. The trial court additionally vacated its order dismissing counts two and three of the indictment and the attendant firearm specifications.

{¶ 5}   The state filed an appeal and the matter is now before this court for consideration. It raises one assignment of error as follows:

I

{¶ 6}   "THE COURT ABUSED ITS DISCRETION IN ALLOWING DEFENDANT TO WITHDRAW HIS GUILTY PLEA AS DEFENDANT OFFERED NO EVIDENCE OR TESTIMONY AT THE HEARING TO MEET HIS BURDEN OF PROOF."

{¶ 7}   In its sole assignment of error, the state argues the trial court abused its discretion when it granted Shields' motion to withdraw his guilty plea. We disagree.

{¶ 8}   Our review of a trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. *State v. Caraballo*, 17 Ohio St.3d 66, 477 N.E.2d 627 (1985). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). " * * * [T]he good faith, credibility and weight of the movant's assertions in support of the [Crim.R. 32.1] motion are matters to be resolved by [the trial] court." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus.

{¶ 9}   Crim.R. 32.1 states as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 10} The Supreme Court of Ohio has stated a pre-sentence motion to withdraw a guilty plea "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). That does not mean, however, a defendant has an absolute right to withdraw a guilty plea prior to sentencing. *Id.* at paragraph one of the syllabus. There must be "a reasonable and legitimate basis for withdrawal of the plea." *Id.* Whether a

"reasonable and legitimate basis" for the withdrawal of a plea exists also lies within the trial court's sound discretion. *State v. Rosemark*, 116 Ohio App.3d 306, 308, 688 N.E.2d 22 (9th Dist. 1996).

{¶ 11} The factors which may considered by a trial court when making a decision on a motion to withdraw a guilty plea include: (1) prejudice to the state; (2) counsel's representation; (3) adequacy of the Crim.R. 11 plea hearing; (4) extent of the plea withdrawal hearing; (5) whether the trial court gave full and fair consideration to the motion; (6) timing; (7) the reasons for the motion; (8) the defendant's understanding of the nature of the charges and the potential sentences; and (9) whether the defendant was perhaps not guilty or has a complete defense to the charge. *State v. Fish*, 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995). No one *Fish* factor is conclusive. *State v. Cuthbertson*, 139 Ohio App.3d 895, 899, 746 N.E.2d 197 (7th Dist. 2000).

{¶ 12} The state first argues the trial court abused its discretion by granting Shields' motion because Shields presented no evidence or affidavit during the hearing to support his motion, and therefore the trial court could not have fairly considered the relevant factors when making its decision. We are unaware of any requirement for an affidavit or testimony from a defendant requesting to withdraw his plea. Rather, the scope of a hearing on a motion to withdraw a guilty plea is "dependent upon the facial validity of the motion itself." *State v. Wittine*, 8th Dist. Cuyahoga No. 90747, 2008-Ohio-5745, ¶ 8

{¶ 13} The record here reflects the reason behind Shields' desire to withdraw his guilty pleas was narrow and straight forward. Shields' motion to withdraw his guilty plea indicated that on the day of his plea hearing, he was fully prepared to enter a no contest plea. On that day, however, he learned that in order to take advantage of the agreed upon

sentence, he had to enter a plea of guilty. Shields' motion stated he did so without appreciating the ramifications of a guilty plea as opposed to a no contest plea, specifically the impact on his ability to challenge the trial court's adverse ruling on his motion to suppress. Motion to Withdraw Plea filed October 11, 2022, docket at 129.

{¶ 14} The motion is unclear as to who advised Shields' of this requirement. However, an examination of the transcript of the hearing on Shields' motion to withdraw his guilty plea lead us to a conclusion that this was a requirement of the state and not the trial court. The record further indicates the trial court's position that the reason for Shields's motion was reasonable and legitimate rather than merely a change of heart. The trial court stated:

> I frankly was expecting a no contest plea in this case. I figured the parties would want the Court of Appeals to take a look at an issue that I'm sure is going to come up again and again in other cases and so getting some settled law from a higher court would I think be beneficial to everyone, not necessarily Mr. Shields himself depending on how the outcome came out but the parties I expect, the attorneys would be seeing this issue over and over in other cases, so I thought the parties would want to get that resolved and that that would perhaps happen in a no contest plea. So that's on my mind too that it is the kind of case where one might reasonably expect that and I confess I was surprised when I received the plea paperwork and saw it was a guilty plea and wondered how in the

world that had happened. I didn't question it that day of course; it was an agreement, but its not shocking to me that that is an outcome that a person in Mr. Shields's position might have reasonably hoped for.

* * *

But again, this was a motion before sentencing and my understanding of the relevant Criminal Rule is that I am generally supposed to be open to that kind of motion at this point.

{¶ 15} Transcript of hearing T. 16-17.

{¶ 16} While the state argues Shields failed to present evidence on each *Fish* factor and provides us with argument on each of those factors, we find it is not necessary for a defendant to present evidence on irrelevant factors. The factors set forth in *Fish* are those that a trial court *may* consider. The reason for Shields's motion was his realization that he lost the ability to challenge the trial court's ruling on his motion to suppress through his guilty plea. The trial court found that reason compelling enough to grant the motion, even expressing its surprise that guilty pleas were entered at all. The court further found granting the motion did not prejudice the state. T. 15.

{¶ 17} We find the trial court's decision to grant Shields' motion to withdraw his guilty plea was not unreasonable, arbitrary or unconscionable. The sole assignment of error is overruled.

{¶ 18} The judgment of the Delaware County Court of Common Pleas is affirmed.



By King, J.,

Delaney, P.J. and

Baldwin, J. concur.




AJK/rw