[Cite as *State v. McCormick*, 2023-Ohio-3496.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. CT2023-0014 |
| JAMES E. McCORMICK II | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING: Criminal Appeal from the Court of Common Pleas, Case No. CR2023-0077


JUDGMENT: Affirmed


DATE OF JUDGMENT ENTRY: September 28, 2023


APPEARANCES:

For Plaintiff-Appellee

RONALD L. WELCH
PROSECUTING ATTORNEY
JOHN CONNOR DEVER
ASSISTANT PROSECUTOR
27 North Fifth Street, P.O. Box 189
Zanesville, Ohio 43702

For Defendant-Appellant

CHRIS BRIGDON
8138 Somerset Road
Thornville, Ohio 43076

*Wise, P. J.*

**{¶1}**   Defendant-Appellant James E. McCormick, II, appeals his conviction on two counts of rape and two counts of pandering obscenity involving a minor, entered in the Muskingum County Court of Common Pleas, following a guilty plea.

**{¶2}**   Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶3}**   The relevant facts leading to this appeal are as follows.

**{¶4}**   On February 1, 2023, Appellant James E. McCormick, II, was indicted by the Muskingum County Grand Jury on two counts of rape of a victim less than 10 years of age, in violation of R.C. §2907.02(A)(1)(B), both felonies of the first degree, and two counts of pandering obscenity involving a minor, in violation of R.C. §2901.321(A)(1), both second-degree felonies.[1]

**{¶5}**   On February 3, 2023, Appellant appeared for an arraignment and entered pleas of not guilty to the charges.

**{¶6}**   Immediately after the arraignment, Appellant changed his plea to guilty as to all charges. In exchange for the guilty plea, the parties agreed that the State of Ohio would make no recommendation as to sentencing at the time of plea but reserved the right to make an argument as to the appropriate sentence at the time of sentencing.

**{¶7}**   As to the unusual timing of the arraignment and subsequent change of plea hearing, the trial court engaged in the following dialogue with Appellant:

**THE COURT**:  Thank you, Mr. Edwards.

Court will accept the Defendant's pleas of not guilty.

---

[1] The Indictment is dated February 1, 2023 and time-stamped February 2, 2023.

Mr. McCormick, you understand how this is proceeding?

**THE DEFENDANT**: (Nods affirmatively.)

**THE COURT**:  That – that was the arraignment.

**THE DEFENDANT**:  Yeah.

**THE COURT**:  You plead not guilty. There's also an indication from counsel -- your counsel and the Prosecutor that you wish to proceed today with a change of plea; is that accurate?

**THE DEFENDANT**:  Yeah.

**THE COURT**:  Okay. I just want you to understand, it's kind of awkward the way that happens, where you plead not guilty now and then maybe in seven more minutes you'll end up pleading guilty. And you understand that?

**THE DEFENDANT**:  Yes.

**{¶8}**   (Plea T. at 5-6).

**{¶9}**   At the change of plea hearing, counsel for Appellant placed the following on the record:

**COUNSEL**:  Your honor, may I put one thing on the record that I should have at the beginning?

**THE COURT**: Go ahead.

**COUNSEL**: This case was indicted two days ago. I have not filed for, nor received, discovery. However, there was a separate case that I have received discovery on that explained the search warrant and investigation in this case.

Mr. Welch and I have been meeting for six weeks or so. He's described the videos, made them available, had I felt the need to watch them. And Mr. McCormick agrees that what's described on the videos is accurate.

So I feel that I've fulfilled my professional responsibilities, even though I haven't received discovery on this case.

**{¶10}** (Plea T. at 17).

**{¶11}** The State of Ohio then entered the following summary of the evidence in support of the charges against Appellant:

**PROSECUTOR**: … The Muskingum County Sheriff's office became involved with an investigation regarding suspected child sexual abuse materials on November 14th of 2022. They were provided information by a cooperating witness that indicated that James E. McCormick, the Defendant in this case, possessed three to 500 pornographic videos, which included child sexual abuse material.

\*\*\*

The investigation ultimately led to a search warrant being issued on November 21st of 2022.

Mr. McCormick was provided with that information. He stated that he would show law enforcement everything that he had. He described pornographic materials in his possession that were all contained on an external hard drive, which was recovered.

Mr. McCormick did not deny ownership of any of the items that were recovered, and indicated that he was the only person that resided at 3450 Maysville Pike, Apartment C5.

Further, McCormick was found to have four grandchildren; of -- significance, K. J. A., date of birth 2-25 of '19.

McCormick was interviewed on that same date of November 21st, 2022. He admitted to having around 200 child sexual abuse material or videos in his possession. He did deny engaging in sexual contact or conduct with his grandchildren; however, admitted that he been living a double life. Upon forensic examination conducted by the FBI, they were able to identify several videos showing that Mr. McCormick had engaged in sexual conduct with one of the grandchildren; that being K. J. A., Date of birth of 2-25 of '19.

In particular, a video created on 11-11 of 2020, was a 48-second video which shows a naked white female toddler lying in the lap of an adult white male. The adult male is using his fingers on his right hand to manipulate, digitally penetrate, and display the top of the vagina. That male was determined to be the Defendant in this matter. The female toddler was identified as K. J. A.

On August 16th of 2021, they were able to identify a 76-second video where the defendant is clearly visible, seen wearing an orange shirt, holding a white female toddler. The toddler is wearing a tie-dyed patterned shirt and a diaper. Mr. McCormick pulls the diaper down to the toddler's knees, bends

-- bends the toddler over and performed oral sex on her anus and vagina. He then manipulates the toddlers buttocks to display her anus and vaginally and digitally penetrates her vagina.

The officer -- or, I'm sorry, the agent went on to further examine the computer that was located. There are approximately 2,000 images believed to be child sexual abuse material. Approximately 264 of those images depicted sexual acts involving minors, and over 120 videos of child sexual abuse material. These were all in possession of the Defendant during the timeframe of March 1st of 2022 through the -- November 18 of 2022.

**{¶12}** (Plea T. at 20).

**{¶13}** Following this summary, defense counsel stated:

**COUNSEL**: Thank you, Your Honor. We'll stipulate to those facts for the purposes of the plea. ***

**{¶14}** *Id.* at 20-21.

**{¶15}** On March 6, 2023, prior to the commencement of the sentencing hearing, counsel for Appellant made an oral request that Appellant be allowed to withdraw his guilty plea. The trial court heard from Appellant as to said motion, ultimately denying the motion to withdraw and proceeded to sentencing.

**{¶16}** The trial court sentenced Appellant as follows:

**Count One**: Rape of a victim less than 10 years of age: life in prison without the possibility of parole.

**Count Two**: Rape of a victim less than 10 years of age: life in prison without the possibility of parole.

**Count Three**:  Pandering obscenity involving a minor:  a minimum prison term of eight years in prison up to an indefinite maximum of 12 years in prison.

**Count Four**:  Pandering obscenity involving a minor:  a minimum prison term of eight years in prison up to an indefinite maximum of 12 years in prison.

**{¶17}** Counts One, Three and Four were ordered to run concurrent with one another but consecutive to Count Two, for an aggregate sentence of two consecutive life without the possibility of parole sentences.

**{¶18}** Appellant now appeals, raising the following errors for review:

**ASSIGNMENTS OF ERROR**

**{¶19}** "I. THE APPELLANT'S PLEA OF GUILTY WAS NOT KNOWINGLY, INTELLIGENT, AND VOLUNTARY, BECAUSE THE APPELLANT WAS DENIED DISCOVERY DUE TO NO REQUEST OR REVIEW BY COUNSEL, THEREFORE THE APPELLANT'S PLEA COULD NOT HAVE BEEN TAKEN KNOWINGLY AND INTELLIGENTLY IN VIOLATION OF THE APPELLANT'S RIGHT TO DUE PROCESS GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

**{¶20}** "II. THE TRIAL COURT'S DENIAL OF AN ORAL MOTION TO WITHDRAW PLEA OF GUILTY WAS AN ABUSE OF DISCRETION AND THEREFORE A VIOLATION OF THE APPELLANT'S RIGHT TO DUE PROCESS GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

**{¶21}** "III. COUNSEL'S FAILURE TO DEMAND, REVIEW, OR PROVIDE DISCOVERY TO THE APPELLANT WAS PREJUDICIAL TO THE APPELLANT AND IN VIOLATION OF THE APPELLANT'S RIGHT TO DUE PROCESS GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."

**II.**

**{¶22}** For ease of discussion, we shall address Appellant's assignments of error out of order.

**{¶23}** In his second assignment of error, Appellant argues that the trial court erred in denying his Crim.R. 32 motion to withdraw made prior to sentencing.  We disagree.

**{¶24}** Specifically, Appellant argues that the trial court erred in denying his Crim.R. 32 motion to withdraw his guilty plea because his trial counsel had not yet received or reviewed discovery in this case.

**{¶25}** Crim.R. 32.1 governs withdrawals of guilty pleas. It provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice, the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

**{¶26}** Our review of a trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. *State v. Caraballo*, 17 Ohio St.3d 66, 477 N.E.2d 627 (1985). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). "* * * [T]he good faith, credibility and weight of the movant's

assertions in support of the [Crim.R. 32.1] motion are matters to be resolved by [the trial] court." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus.

{¶27} The Supreme Court of Ohio has stated a pre-sentence motion to withdraw a guilty plea "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). That does not mean, however, a defendant has an absolute right to withdraw a guilty plea prior to sentencing. *Id.* at paragraph one of the syllabus. There must be "a reasonable and legitimate basis for withdrawal of the plea." *Id.* "[T]he trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* Whether a "reasonable and legitimate basis" for the withdrawal of a plea exists also lies within the trial court's sound discretion. *State v. Rosemark*, 116 Ohio App.3d 306, 308, 688 N.E.2d 22 (9th Dist. 1996).

{¶28} The factors which may be considered by a trial court when making a decision on a motion to withdraw a guilty plea include: (1) prejudice to the state; (2) counsel's representation; (3) adequacy of the Crim.R. 11 plea hearing; (4) extent of the plea withdrawal hearing; (5) whether the trial court gave full and fair consideration to the motion; (6) timing; (7) the reasons for the motion; (8) the defendant's understanding of the nature of the charges and the potential sentences; and (9) whether the defendant was perhaps not guilty or has a complete defense to the charge. *State v. Fish*, 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995). No one *Fish* factor is conclusive. *State v. Cuthbertson*, 139 Ohio App.3d 895, 899, 746 N.E.2d 197 (7th Dist. 2000); *State v. Shields*, 5th Dist. No. 22 CAA 110079, 2023-Ohio-1561, 213 N.E.3d 1285, ¶¶ 8-11.

**{¶29}** Recently, in *State v. Barnes*, Slip Opinion No. 2022-Ohio-4486, the Ohio Supreme Court revisited *Xie* in considering what constitutes a legitimate and reasonable basis for presentence withdrawal of a guilty plea. In *Barnes*, the defendant pleaded guilty to a reduced charge of involuntary manslaughter. The charges arose from a shooting at a gas station that involved three people, including the defendant, firing guns. The incident began with one of the shooters hitting the defendant in the face with a gun, which prompted the defendant to brandish his gun. The defendant, along with two bystanders and the murder victim, were shot during the incident. Video surveillance from the gas station captured the shooting, but it did not show who shot the murder victim. The state provided the video to defense counsel.

**{¶30}** In his motion to withdraw his plea, the defendant claimed that he was not guilty and cited the 2018 amendments to the self-defense law that shifted the burden of proof to the state. Further, the defendant contended that he viewed the video with audio for the first time after his plea. The defendant maintained that the audio portion of the recording established that he did not shoot first, which supported his self-defense claim.

**{¶31}** At a hearing on the motion to withdraw the plea, the defendant's former attorneys testified that they did not recall showing the defendant the video with the audio. The defendant contended that he would not have pleaded guilty had he seen the video with audio prior to entering his plea. The trial court denied the defendant's motion. The appellate court affirmed the trial court's judgment. *State v. Barnes*, 8th Dist. Cuyahoga No. 109442, 2021-Ohio-842.

**{¶32}** On appeal to the Ohio Supreme Court, the defendant contended that this court applied a test that focused " 'too narrowly on * * * procedural protections — such as

the rights explained to the defendant in the original plea hearing - and on the trial court's own view of the reasons for the requested plea withdrawal.' " *Barnes*, Slip Opinion No. 2022-Ohio-4486, at ¶ 18, quoting defendant's brief. The defendant contended that the sole factor in determining whether he should be permitted to withdraw his plea is the assessment of the withheld evidence and how that evidence impacted his case.

**{¶33}** The Ohio Supreme Court noted that "the presumption from which all other considerations must start" is with the standard set forth in *Xie* that presentence motions to withdraw a plea should be freely and liberally granted. *Barnes* at ¶ 21. The Court reiterated, however, that a defendant does not have an absolute right to withdrawal of his or her plea prior to sentencing.

**{¶34}** The Court found the facts in *Barnes* to be distinguishable from other various instances where appellate courts have properly upheld denials of presentence motions to withdraw pleas. *See id.* at ¶ 22. Specifically, the Court found that the state could not "overcome the presumption that [the defendant's] motion to withdraw his guilty plea must be freely and liberally granted," and also that the *Peterseim*[2] and *Heisa*[3] factors did not apply to the case. The Court set forth the following holding:

---

[2] In *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), the Eighth District Court of Appeals explained that a trial court does not abuse its discretion when it denies a defendant's motion to withdraw his guilty plea when:
(1)the defendant is represented by highly competent counsel, (2) the defendant was afforded a full hearing pursuant to Crim.R. 11 before he or she entered his plea, (3) after the motion to withdraw is filed, the defendant is given a complete and impartial hearing on the motion, and (4) the record reveals that the court gave full and fair consideration to the plea withdrawal request.

[3] In *State v. Heisa*, 8th Dist. Cuyahoga No. 101877, 2015-Ohio-2269, 2015 WL 3632273, the Eighth District also considered four additional factors: (1) the motion was made in a reasonable time; (2) the motion stated specific reasons for withdrawal; (3) the record shows that the defendant understood the nature of the charges and the possible penalties; and (4) the defendant had evidence of a plausible defense.

**{¶35}** We therefore hold that when a defendant discovers evidence that would have affected his [or her] decision to plead guilty, he [or she] has a reasonable and legitimate basis to withdraw his [or her] guilty plea before sentencing.

**{¶36}** *Id.* at ¶ 24.

**{¶37}** The Court noted that, although the defendant pleaded guilty to the shooting, it was "not because there was evidence that he actually committed the crime. * * * He pleaded guilty because he believed there was no evidence that corroborated his self-defense claim." *Id.* at ¶ 26.

**{¶38}** We mention *Barnes, supra,* because it is a significant decision, marking the first time the Court has specifically discussed the nine-factor test and has deviated from it. Furthermore, the discussion in *Barnes* indicates that at some point, the Court may address the test itself. However, as this has not yet occurred, we will continue to follow the nine-factor test, with the modification the Court outlined, i.e., finding it not applicable in situations where a defendant is unaware of evidence which would have affected his decision until after the plea.

**{¶39}** Upon consideration of the trial court's denial of McCormick's presentence motion to withdraw his plea, we find this case presents a completely different factual background than the one presented in *Barnes*. Here, video evidence found in Appellant's possession specifically tied him to the crimes.  Appellant also confessed to the crimes charged.

**{¶40}** At the hearing on the motion to withdraw the guilty plea, neither Appellant nor counsel, who represented Appellant in a separate case and for the plea, the motion

for withdrawal, and sentencing hearing in this case, made any argument as to what Appellant's defense to the evidence would be. Appellant himself only stated that he was "in shock" when he made his plea. There were no allegations made as to any evidence discovered after the plea, as there was in *Barnes*.

**{¶41}** Considering the other factors, Appellant herein was represented by competent counsel at his plea. Appellant and his attorney executed a written waiver and plea form. A written waiver of constitutional rights is presumed to have been voluntary, knowing, and intelligent. *State v. Turner*, 105 Ohio St.3d 331, 2005-Ohio-1938, 826 N.E.2d 266.

**{¶42}** Further, the trial court conducted a full Crim.R. 11 hearing during which it was demonstrated that he understood the nature of the charges and possible penalties. Moreover, Appellant's plea could have resulted in parole eligibility after 25 years.

**{¶43}** In terms of the timeliness of the request to withdraw his plea, it appears from the record that a motion was not formally filed, instead only being made orally at the beginning of the sentencing hearing. Nonetheless, Appellant was afforded a hearing and counsel for the purpose of his motion to withdraw his plea. The oral motion did not state specific grounds to support the request for withdrawal of the plea. Upon inquiry from the trial court as to the basis for the motion, Appellant's trial counsel explained:

> **COUNSEL**: So, the basis that was originally explained to me was, if you recall at the change of plea, I stated that I hadn't received discovery yet in the new case. It had just been indicted on a Wednesday. We did the plea on a Friday. But I had received, in his other case, a binder full of evidence related to the investigation. And I'd been there for debriefing, which was

several hours, where I -- he confessed everything. And so, I believed that I was able to fulfill my professional obligations. I said all that on the record. But I believe that the fact that I hadn't read discovery yet is the basis for withdrawing the plea, if I understood correctly.

**{¶44}**  (Sent. T. at 4)

**{¶45}**  The following colloquy then took place between the trial court and Appellant:

**THE COURT**:  Thank you, Mr. Edwards. You're shaking your head, Mr. McCormick.

**THE DEFENDANT**:  Yeah. I never confessed everything. I confess to certain things, but I didn't confess to everything. And I didn't confess to what I pled guilty to.

**THE COURT**: What did you plead guilty to that you did not confess about?

**THE DEFENDANT**: Two counts of rape.

 ***

**THE COURT**:  So you understood what you were pleading guilty to, correct, Mr. McCormick?

**THE DEFENDANT**:  Yeah.

**THE COURT**:  We went through that; correct?

***

**THE COURT**:  And you understood what the potential sentences were; correct?

**THE DEFENDANT**:  Yeah.

**THE COURT**: And you consulted with your attorney prior to pleading; correct?

**THE DEFENDANT**: Yeah.

**THE COURT**: So is there something about this that you believe you weren't aware of?

**THE DEFENDANT**: I – I got my indictment like 2:00 on Thursday. It was wrong. They had to amend it. And then I was here at 9:00 Friday morning. I was in shock. I wasn't thinking --

**THE COURT**: I don't believe that, because we talked about that. You weren't in shock that you were in here.

**THE DEFENDANT**: Okay. I didn't know you were a psychologist. Let's go on with it then.

**THE COURT**: I didn't hear what you said. Excuse me?

**THE DEFENDANT**: I said, let's get on with it.

**THE COURT**: No, before that.

**THE DEFENDANT**: I said, I didn't know you was a psychologist.

**THE COURT**: Oh, I'm not –

**THE DEFENDANT**: Okay.

**THE COURT**: -- but I see people in here all the time. And I asked you if you understood everything about that, and you were very calm and you understood it. You indicated you understood it. I went through all the potential penalties. You indicated you understood it, all right. I asked if you were doing it through any coercion, and you said no. So I'm going to deny

your oral request to withdraw your guilty pleas. So we will – you can both

be seated.

**{¶46}**  (Sent. T. at 4-7).

**{¶47}**  It is still Ohio law that, although a presentence motion to withdraw a plea should be freely and liberally granted, a defendant does not have an absolute right to withdraw his or her plea.

**{¶48}**  Appellant does not claim innocence or any defense to the crimes charged. Rather, during his pre-sentence investigation he stated that he performed these sexual assaults on his grandchild he believed his "intentions started out as being noble and that [he] did not sexually abuse [his] granddaughter for any type of sexual gratification, but rather, to try to catch others – who needed this – or [he] needed it in order to find a missing child." (Sent. T. at 22).

**{¶49}**  After careful review of the record before us, we find that Appellant failed to demonstrate a reasonable and legitimate basis to withdraw his plea, and the trial court did not abuse its discretion in denying his request.

**{¶50}**  Appellant's second assignment of error is overruled.

### I., III.

**{¶51}**  In his first and third assignments of error, Appellant argues that the failure of counsel to request or review discovery resulted in his plea not being knowingly, intelligently and voluntarily made and that same resulted in a violation of his due process. We disagree.

**{¶52}**  Criminal Rule 11 requires guilty pleas to be made knowingly, intelligently, and voluntarily. Although literal compliance with Crim.R. 11 is preferred, the trial court

need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Ballard*, 66 Ohio St.2d 473, 475, 423 N.E.2d 115(1981), *citing State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163(1977).

**{¶53}** The constitutional rights are: (1) a jury trial; (2) confrontation of witnesses against him; (3) the compulsory process for obtaining witnesses in his favor; (4) that the state must prove the defendant's guilt beyond a reasonable doubt at trial; and (5) that the defendant cannot be compelled to testify against himself. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 19. If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. *Id.* at ¶ 31.

**{¶54}** The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing. Crim.R. 11(C)(2)(a)(b); *Veney* at ¶ 10-13; *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 423 N.E.2d 1224, ¶ 19-26, (post-release control is a non-constitutional advisement).

**{¶55}** For the non-constitutional rights, the trial court must substantially comply with Crim.R. 11's mandates. *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Veney* at ¶ 15. Furthermore, a defendant who challenges his guilty plea on the basis that the advisement for the non-constitutional rights did not substantially comply

with Crim.R. 11(C)(2)(a)(b) must also show a prejudicial effect, meaning the plea would not have been otherwise entered. *Veney* at ¶ 15; *State v. Stewart*, 51 Ohio St.2d 86, 93, 364 N.E.2d 1163(1977).

**{¶56}** When reviewing a plea's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero,* 56 Ohio St.3d 106, 108-109, 564 N.E.2d 474(1990); *State v. Lebron,* 8th Dist. Cuyahoga No. 108825, 2020-Ohio-1507, ¶9; *State v. Groves,* 5th Dist. Fairfield Nos. 2019 CA 00032, 2019 CA 00033, 2019-Ohio-5025, ¶7.

**{¶57}** Evidence of a written waiver form signed by the accused is strong proof that the waiver was valid. *State v. Clark*, 38 Ohio St.3d 252, 261, 527 N.E.2d 844, 854(1988); *see North Carolina v. Butler*, 441 U.S. 369, 374-375, 99 S.Ct. 1755, 1758-1759, 60 L.Ed.2d 286, 293(1979); *State v. Dennis*, 79 Ohio St.3d 421, 425, 1997-Ohio-372, 683 N.E.2d 1096, 1102(1997).

**{¶58}** Appellant herein does not argue that the trial court failed to comply with Criminal Rule 11's strict or substantial compliance requirements before accepting his guilty pleas. Rather, Appellant contends that his plea was not knowing, intelligent, or voluntary because neither he nor his attorney had received or reviewed discovery in this case.

**{¶59}** Upon review of the record in the instant case, we find a written plea of guilty form was signed by Appellant and his attorney and filed in this case. At the change of plea hearing, counsel for Appellant stated that the plea form was accurate, that he had reviewed it carefully with Appellant, that Appellant signed it in front of him, and that is was his belief that Appellant was changing his plea knowingly, intelligently, and voluntarily. (Plea T. at 7).

{¶60} Counsel also explained to the court that while he had not requested or reviewed the discovery in this case, he had received discovery in support of the search warrant and investigation in Appellant's other case. He stated that he and the Prosecutor had been meeting for approximately six weeks, and that the nature of the video evidence was described to him and the videos were made available to him. He further stated that Appellant agreed that what was described on the videos was accurate.

{¶61} Appellant acknowledged to the trial judge that he understood the nature of the charges against him as well as any possible defenses he may have to the charges, that he was satisfied with the advice and assistance of his counsel; that no promises were made to him nor was he threatened or coerced to enter his guilty pleas; that he understood he was giving up Constitutional rights including the right to a jury trial, the right to confront witnesses, the right to subpoena or compel witness, the right to testify, and the right to require the State to prove each and every element of the offenses beyond a reasonable doubt. (Plea T. at 13-16).

{¶62} The trial court also reviewed with Appellant that prison time was mandatory, the potential sentences, including life without the possibility of parole on counts one and two, the maximum fines, the requirement that the Court find that he is a Tier III sex offender for registration purposes, and the mandatory period post-release control for counts three and four. (Plea T. at 8-13).

{¶63} The trial court also informed Appellant that while the parties agreed that the State would make no recommendation as to sentencing at the time of the plea, the State reserved the right to make an argument at sentencing. (Plea T. at 14).

**{¶64}** Based on the foregoing, we find that the record demonstrates the trial court very carefully adhered to Criminal Rule 11, and strictly complied with all of the requirements of Criminal Rule 11. The trial court conducted a complete and thorough colloquy. Appellant acknowledged he understood his rights, the charges, the plea agreement, the maximum penalties, and the specific constitutional rights he was waving with the plea. The record further supports that the trial judge substantially complied with Crim.R. 11's mandates for non-constitutional rights.

**{¶65}** The record supports a conclusion that the plea was properly entered and accepted. The record in this case shows the trial court's compliance with Criminal Rule 11 and supports the trial court's determination that Appellant's plea was knowingly, intelligently, and voluntarily made.

**{¶66}** After independently reviewing the record we find no arguably meritorious issues exist with respect to whether Appellant's guilty pleas were made knowingly, intelligently, and voluntarily.

**{¶67}** Accordingly, Appellant's first and third assignments of error are overruled.

**{¶68}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.

By: Wise, P. J.
Delaney, J., and
King, J., concur.

JWW/kw 0926