[Cite as *State v. Cobb*, 2023-Ohio-4115.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2023 CA 0010 |
| BRYANT KEITH COBB | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:         Criminal Appeal from the Court of Common
                                 Pleas, Case No.  2022 CR 0147 R


JUDGMENT:                        Affirmed


DATE OF JUDGMENT ENTRY:          November 14, 2023


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JODIE SCHUMACHER                          RANDALL E. FRY
PROSECUTING ATTORNEY                      90 Darby Drive
38 South Park Street, Second Floor        Lexington, Ohio  44904
Mansfield, Ohio  44902

*Wise, J.*

{¶1}    Appellant Bryant Keith Cobb appeals his conviction and sentence entered in the Richland County Court of Common Pleas. Appellee is State of Ohio. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

{¶2}    On January 11, 2022, Appellant was arrested on suspicion of theft. Upon his arrest Appellant was advised of the consequences of bringing drugs into the jail. Appellant became combative and was placed in a restraint chair where he was observed attempting to hide a substance under the arm of the chair.

{¶3}    Appellee then indicted Appellant for Illegal Conveyance of Drugs of Abuse onto Grounds of a Specified Governmental Facility in violation of R.C. §2921.36(A)(2) and R.C. §2921.36(G)(2) and Possession of Cocaine in violation of R.C. §2925.11(C)(4)(a).

{¶4}    On June 22, 2022, Appellant entered a plea of guilty to Illegal Conveyance of Drugs of Abuse onto Grounds of a Specified Governmental Facility.

{¶5}    On September 16, 2022, counsel for Appellant withdrew from the case.

{¶6}    On November 2, 2022, Appellant filed a Motion to Withdraw Plea.

{¶7}    On November 28, 2022, after a hearing the trial court denied the motion.

{¶8}    On November 30, 2022, Appellant's second counsel withdrew from representation.

{¶9}    On December 13, 2022, Appellant received a third appointed counsel.

{¶10}    On January 18, 2023, Appellant was sentenced to eighteen months in prison.

**ASSIGNMENTS OF ERROR**

{¶11} Appellant filed a timely notice of appeal. He herein raises the following Assignment of Error:

{¶12} "I. THE TRIAL COURT ERRED BY FAILING TO ALLOW THE APPELLANT TO WITHDRAW HIS GUILTY PLEA TO THE CHARGE OF ILLEGAL CONVEYANCE OF DRUGS OF ABUSE ONTO GROUNDS OF A SPECIFIED GOVERNMENTAL FACILITY."

**I.**

{¶13} In Appellant's sole Assignment of Error, Appellant argues the trial court erred by overruling Appellant's motion to withdraw his guilty plea. We disagree.

{¶14} Crim.R. 32.1 governs withdrawals of guilty pleas. It provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice, the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶15} Our review of a trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. *State v. Caraballo*, 17 Ohio St.3d 66, 477 N.E.2d 627 (1985). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). "* * * [T]he good faith, credibility and weight of the movant's assertions in support of the [Crim.R. 32.1] motion are matters to be resolved by [the trial] court." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus.

**{¶16}** The Supreme Court of Ohio has stated a pre-sentence motion to withdraw a guilty plea "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). That does not mean, however, a defendant has an absolute right to withdraw a guilty plea prior to sentencing. *Id.* at paragraph one of the syllabus. There must be "a reasonable and legitimate basis for withdrawal of the plea." *Id.* "[T]he trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* Whether a "reasonable and legitimate basis" for the withdrawal of a plea exists also lies within the trial court's sound discretion. *State v. Rosemark*, 116 Ohio App.3d 306, 308, 688 N.E.2d 22 (9th Dist.1996).

**{¶17}** The factors which may be considered by a trial court when making a decision on a motion to withdraw a guilty plea include: (1) prejudice to the state; (2) counsel's representation; (3) adequacy of the Crim.R. 11 plea hearing; (4) extent of the plea withdrawal hearing; (5) whether the trial court gave full and fair consideration to the motion; (6) timing; (7) the reasons for the motion; (8) the defendant's understanding of the nature of the charges and the potential sentences; and (9) whether the defendant was perhaps not guilty or has a complete defense to the charge. *State v. Fish*, 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995) No one *Fish* factor is conclusive. *State v. Cuthbertson*, 139 Ohio App.3d 895, 899, 746 N.E.2d 197 (7th Dist.2000); *State v. Shields*, 5th Dist. Delaware No. 22 CAA 110079, 2023-Ohio-1561, 213 N.E.3d 1285, ¶11.

**{¶18}** In the case *sub judice*, granting the motion would not prejudice the State; however, the other factors weigh against Appellant's argument. Appellant was represented by counsel at the time he pled guilty and there was an adequate Crim.R. 11 plea hearing. The trial court held a hearing on Appellant's Motion to Withdraw Guilty Plea.

It is undisputed that the substance in question was tested by the Mansfield Police Department Crime Lab and was positive for cocaine. Appellant seeks to independently test the substance. During this hearing, Appellant opted not to present any testimony or evidence calling into question the lab results or provide any reason to indicate the substance was not cocaine. The trial court considered the Motion and the stated reasons for the motion. The motion came over four months after Appellant entered a plea of guilty. There is no indication Appellant was unaware of the nature and charges against him, and Appellant did not present an argument that he is perhaps not guilty.

{¶19} After careful review of the record before us, we find Appellant has failed to demonstrate a reasonable and legitimate basis to withdraw his plea, and the trial court did not abuse its discretion in denying his request.

{¶20} Appellant's sole Assignment of Error is overruled.

{¶21} For the foregoing reasons, the judgment of the Richland County Court of Common Pleas, Ohio, is hereby, affirmed.

By: Wise, J.

Delaney, J., concurs.

Hoffman, P. J., dissents.

JWW/br 1101

*Hoffman, P.J., dissenting*

{¶22}  I respectfully dissent from the majority opinion.  Giving credence to the Ohio Supreme Court's directive motions to withdraw a plea prior to sentencing should be freely and liberally granted, I would prepare an alternative disposition for this appeal.

{¶23}  Appellant had a right to have the confiscated evidence independently tested. Such testing would provide objective evidence of guilt or innocence, unlike an appellant's mere self-serving claim of general innocence. If the result of such testing showed the confiscated evidence was not illegal drugs, and if such test was found by the trier of fact to be accurate, Appellant would be exonerated of the charges. As noted by the majority, granting the motion would not (otherwise) prejudice the state.

{¶24}  Therefore, I would vacate the trial court's ruling denying Appellant's motion to withdraw his plea and allow Appellant to independently test the evidence.  If the result of the testing confirmed the confiscated evidence contained illegal drugs, the trial court would then simply re-enter its judgment denying Appellant's motion.  If the result determined the confiscated evidence did not contain illegal drugs, the trial court should then grant Appellant's motion pursuant to the Ohio Supreme Court's pronouncement in *Xie.*