[Cite as *State v. Allen*, 2025-Ohio-209.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. CT2024-0092 |
| JOHN D. ALLEN | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:       Criminal Appeal from the Court of Common
                              Pleas, Case No. CR2024-0163


JUDGMENT:                      Affirmed


DATE OF JUDGMENT ENTRY:        January 23, 2025


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

JOSEPH A. PALMER                        CHRIS BRIGDON
ASSISTANT PROSECUTOR                    8138 Somerset Road
27 North Fifth Street                   Thornville, Ohio  43076
Zanesville, Ohio  43702

*Wise, J.*

**{¶1}** Appellant, John D. Allen, appeals his conviction and sentence in the Muskingum County Court of Common Pleas for theft, telecommunications fraud and unauthorized practice of law claiming that the trial court erred when it denied his motion to withdraw his no-contest plea prior to sentencing. Appellee is the State of Ohio. For the reasons that follow, we affirm his conviction and sentence.

## FACTS AND PROCEDURAL BACKGROUND

**{¶2}** On March 6, 2024, the Muskingum County Grand Jury indicted the appellant, John D. Allen, on one count of theft, a violation or R.C. 2913.02(A)(3), 2913.02(B)(2) [F5], telecommunications fraud, a violation of R.C. 2913.05 (A), 2913.05 (C) [F5] and unauthorized practice of law, a violation of R.C. 4705.07(A)(1), 4705.99 [M1].

**{¶3}** Allen pleaded not guilty at his arraignment, and his jury trial was assigned a June 11, 2024 trial date.

**{¶4}** On June 10, 2024, Allen appeared before the trial court and changed his plea from not guilty to no contest. Before entering his plea, Allen participated in a Crim.R. 11 hearing. He was told that the crimes of theft and telecommunications fraud carried a potential 6 to 12 months prison sentence and unauthorized practice of law carried a potential 180 days local incarceration sentence. He was also told that post-release control was optional up to two years. Allen acknowledged that he understood the potential sentences and post release control.

**{¶5}** Allen also acknowledged that he was satisfied with his counsel and was free of alcohol and drugs on the day of the plea hearing.

**{¶6}** That state then recited the facts that led to the indictment: Allen represented himself as an attorney to a friend he met in a bar. Allen prepared a purported trust document for the friend, brought the document to the hospital where the friend was admitted for an illness, and had him sign the document. The friend later died and Allen, still claiming to be an attorney, represented to the daughter of the friend that he would assist in probating the alleged trust document. Allen collected from the daughter $1,800.00 for his "services".

**{¶7}** Allen's deceit was eventually disclosed, and an investigation by law enforcement led to the charges in the indictment.

**{¶8}** The same day that his plea hearing was held, Allen signed a Crim.R. 11 plea of no contest form that acknowledged the potential sentences and optional post release control. The plea form also set forth the following terms:

> Upon a plea of 'no contest' to Counts One, Two and Three as contained in the indictment, the parties agree that the State will make no recommendation as to sentencing at the time of Defendant's plea herein. However, both the State and counsel for Defendant reserve the right to argue for the sentence they feel is appropriate at the time of sentencing. The parties stipulate Counts One and Two merge for the purpose of sentencing. The Defendant agrees to pay restitution in the amount of $1,800.00. However, should the Defendant pay restitution in full by the sentencing date, the State will make no recommendation as to sentencing, leaving the same to the discretion of the Court. The parties stipulate to facts sufficient for a finding of guilty. *Plea of No Contest, June 10, 2024.*

{¶9}   Based upon the stipulated facts, the trial court found Allen guilty of the charges in the indictment.

{¶10}  A presentence investigation was ordered, and Allen returned to the trial court for sentencing on July 29, 2024.

{¶11}  Prior to the beginning of the sentencing hearing, Allen made an oral motion to withdraw his no contest plea.  As reasons, Allen explained:

> Well, it was my understanding, sir, that...and I don't understand while post-release control was ever even mentioned, because I was under the understanding that I was ordered to pay restitution and that I would receive probation, which would end on September 3rd, after I made my final restitution payment.  *Sentencing Tr. at 3.*

{¶12}  When the trial court inquired as to who told Allen that he would receive probation, he replied "from what I've heard from the Prosecutor's Office, from my ... from what the probation ..."  Allen had no explanation when the trial court noted that he did not talk to the probation department until after he pleaded no contest and was found guilty.

{¶13}  Allen then offered another explanation:  "This morning I filed a federal case against you and numerous ..."  *Sentencing Tr. at 6.*

{¶14}  The trial court denied the motion to withdraw the plea.

{¶15}  The trial court then went forward with the sentencing hearing.  After noting Allen's past criminal history, which included a felony in 2011, a prison sentence for escape, and a prison sentence for drugs, the trial court sentenced Allen to an aggregate prison sentence of 12 months.

{¶16}  The appellant filed a timely appeal arguing one assignment of error.

## ASSIGNMENT OF ERROR

**{¶17}** "I. THE APPELLANT'S PLEA OF GUILTY WAS NOT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY TAKEN."

**{¶18}** In his sole assignment of error, Allen contends that the trial court abused its discretion in denying his oral motion to withdraw his guilty plea prior to sentencing. We disagree.

**{¶19}** A motion to withdraw a plea is governed by Crim.R. 32.1 which states:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed, but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

**{¶20}** "A presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Barnes,* 2022-Ohio-4486, ¶ 13 citing *State v. Xie,* 62 Ohio St. 3d 521 (1992).

**{¶21}** However, there is no absolute right to withdraw a plea, even when the motion to withdraw is made before sentencing. Before ruling on a defendant's presentence motion to withdraw his plea, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for withdrawing the plea.

**{¶22}** The determination of whether there is a reasonable and legitimate basis for the defendant's request to withdraw a plea is within the sound discretion of the trial court. Absent an abuse of discretion, the reviewing court will affirm the decision of the trial court. An abuse of discretion implies an unreasonable, arbitrary or unconscionable attitude on the part of the court. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983).

**{¶23}** The factors which may be considered by a trial court when making a decision on a motion to withdraw a guilty plea include (1) prejudice to the state, (2) counsel's representation, (3) adequacy of the Crim.R. 11 plea hearing, (4) extent of the plea withdrawal hearing, (5) whether the trial court gave full and fair consideration to the motion, (6) timing, (7) the reasons for the motion, (8) the defendant's understanding of the nature of the charges and the potential sentences, and (9) whether the defendant was perhaps not guilty or has a complete defense to the charge. *State v. Carter,* 2024-Ohio-6126, ¶ 16 (5th Dist.) citing *State v. Fish,* 104 Ohio App.3d 236 (1st Dist., 1995). No one fact is conclusive. *State v. Cuthbertson,* 2000-Ohio-2638, (7th Dist.), *State v. Shields,* 2023-Ohio-1561, ¶¶ 8-11 (5th Dist.).

**{¶24}** In this case, the trial court provided Allen with a full and complete Crim.R. 11 hearing. He signed a Crim.R. 11 plea form that set forth the penalties for the crimes he committed and initialed the form regarding optional post-release control. His counsel performed competently both at the plea hearing, the motion to withdraw hearing and the sentencing hearing; Allen had no complaint about his representation. Allen stipulated to the charges contained in the indictment.

**{¶25}** So, too, his reasons for wanting to withdraw his plea were not credible. There is no evidence in the record that he was promised probation, as he alleges, by his counsel, the state, the probation department or the trial court.

[COURT] Count 1 is a charge of theft. That's charged as a felony of the fifth degree, carries with it a maximum stated prison term of 6 through 12 months in one-month increments and a maximum fine of $2,500. Do you understand that charge and possible penalties.

[DEFENDANT] Yes.  *Plea Hearing Tr. at 5*

**{¶26}**  His claim that he was not told of post-release control at his plea hearing is unfounded, baseless and belied by the record.

[COURT] You understand that if you went to prison in this matter, the Adult Parole Authority could place you on post-release control.  That would be for a period of up to two years ...

[DEFENDANT] Yes, sir.  *Plea Hearing Tr. at 6-7.*

**{¶27}**  Given Allen's extensive criminal record, his claim that he did not understand the nature of the proceedings is not credible.

**{¶28}**  Rather, Allen's oral motion to withdraw his plea was motivated by nothing more than a change of heart.  This Court has previously found that a trial court does not abuse its discretion when a defendant is so motivated.  *State v. Carrington,* 2011-Ohio-3228, ¶ 11 (5th Dist.).

**{¶29}**  Accordingly, we find that Allen's plea of no contest was made knowing the consequences of his plea and voluntarily and intelligently made.  Allen was under no duress, was accompanied by competent counsel, and represented to the court that he was under no substance that would impair his ability to understand the court proceedings.

**{¶30}**  The trial court did not abuse its discretion in denying Allen's motion to withdraw his plea prior to sentencing.

**{¶31}**  Appellant's sole assignment of error is overruled.

**CONCLUSION**

**{¶32}** Accordingly, the decision of the Court of Common Pleas of Muskingum County, Ohio, is hereby affirmed.

By: Wise, J.

Delaney, P. J., and

Gwin, J., concur.

JWW/kt 0121